Daniel E. Macken, J.
Defendant American Welding & Manufacturing Co. Inc. (hereafter “ defendant ”) is a foreign corporation against which this action has been commenced pursuant to CPLR 302. Trial of the case is imminent and plaintiffs have mailed to defendant’s attorneys a subpoena directed to one Sullivan who is defendant’s general manager and a resident of Ohio. Accompanying the subpoena was a check in an amount conceded for the purposes of this motion to be correct mileage and witness’ fees, and a letter stating that service was being made “pursuant to Section 2103(b) and 2303 of the CPLR”. Defendant has moved to quash the subpoena.
It appears that at an examination before trial of the defendant held pursuant to order, the defendant produced Sullivan as its witness with knowledge of the facts. Defendant’s attorney has informed plaintiffs’ counsel that upon the trial he proposes to object to portions of Sullivan’s testimony at the examination. Apparently having some doubt as to whether such objections might be sustained and in the belief that, in such event, deficiencies, if any, in the testimony taken at the examination might be cured by further examination of Sullivan, plaintiffs seek his presence at the trial as a witness. While both parties have argued the fairness or unfairness, equity or inequity, attendant upon issuing the subpoena, it seems to me that the only area of consideration is whether the service complies with the statutory requirements. Upon the argument it was stipulated that should I conclude that the service is not authorized by CPLR 2103 (subd. [b]), plaintiffs might be deemed to have applied to me for an order permitting service of the subpoena by service upon defendant’s attorneys pursuant to CPLR 308 (subd. 4).
Despite the contrary indication contained in paragraph 2303.06 of volume 2 of Weinstein-Korn-Miller, New York Civil Practice, I do not believe that 2103 (subd. [b]) has any application to the service of a subpoena. That section mandates the service of papers upon the attorney “ Except where otherwise prescribed by law With equal clarity, CPLR 2303 mandates *565 the service of a subpoena in the same manner as a summons. I therefore conclude that the attempted service in the manner made is invalid.
I shall now turn to plaintiffs’ application for an order permitting service pursuant to CPLR 308 (subd. 4). It is contended by plaintiffs that in the circumstances here presented, having been designated as defendant’s representative at the examination before trial, Sullivan should be considered the alter ego of the defendant and subject to the same power of subpoena as though a party. While I disagree and hold that Sullivan is not and may not be considered a party, the conclusion I am about to reach would be the same were he a party.
CPLR 2303 seems to permit substituted service of a subpoena in a proper case. By section 2-b of the Judiciary Law, which was derived verbatim from former section 63 of the Civil Practice Act and enacted contemporaneously with CPLR, the court is given power ‘1 to issue a subpoena requiring the attendance of a person found in the state (Emphasis added.) I am aware of Professor McLaughlin’s statement that, “ Where the witness to be subpoenaed is a New York domiciliary, it seems clear that personal delivery of the summons to him any where in the world should be sufficient to lay the basis for a contempt citation, should he violate the subpoena ”. (McKinney’s Cons. Laws of N. Y., Book 7B, CPLR 2303 Supplementary Practice Commentary, 1966 Supp.) Contemplation of the potentiality of harrassment, malicious or otherwise, inherent in this thesis, leads me to conclude that had the Legislature intended to enlarge the power of the court by permitting it to subpoena persons not found in the State, it would have said so clearly. I conclude that service of a subpoena by substituted service may be effected only upon a showing that at the time of the attempted service, the witness in fact is within the State.
With respect to the specific situation here presented, it is said in paragraph 2303.06 of volume 2 of Weinstein-KornMiller, supra, ‘1 If, however, the foreign entity to be served is not a party, it is necessary for it to be present within the state at the time the subpoena is served.”
Plaintiffs’ application for permission to serve the subpoena pursuant to CPLR 308 (subd. 4) is denied and defendant’s motion to quash the subpoena is granted.