Benjamin Brenner, J.
The judgment creditor seeks to punish the judgment debtor for contempt for failure to appear for an oral deposition pursuant to a subpoena served, by substituted service, 12 days prior to the return date thereof. The issue is whether service of the subpoena was timely.
CPLR 5224 (subd. [c]) provides for 10 days’ notice of oral deposition. CPLR 2303 provides that a “ subpoena shall be served in the same manner as a summons.” I feel that a subpoena served pursuant to specially provided-for enforcement proceedings should not be subject to the consequences in respect of time to answer provided by CPLR 308 (subd. 3). The establishment of the time period for the purpose of the witness’ convenience in the specialized article 52 of the CPLR, and the fact that the due process problems inherent in service of a -summons are not present in enforcement proceedings against a judgment debtor, would indicate that the time period ought not, in my view, be extended by another 10 days as is the time to answer a summons served pursuant to CPLR 308 (subd. 3).
However, CPLR 2103 (subd. [b], par. 2) and 2103 (subd. [c]) mandate that “where a period of time prescribed by law is *910 measured from the -service of a -paper and service is by mail, three days shall be added to the prescribed period ’ Substituted service, pursuant to CPLR 308 (subd. 3), while conferring personal jurisdiction, requires service of a paper by mail, and thus the three-day extension entitled the judgment debtor to 13 days’ notice of the examination, whereas he actually received only 12. The motion is accordingly denied in all respects.