Vincent A. Lupiano, J.
Plaintiff judgment creditor moves to punish defendant judgment debtor Mark Fields for contempt for failure to appear at Special Term, Part II of this court pursuant to a subpoena duces tecum, in proceedings in enforcement of the judgment, served upon judgment debtor Fields at his domicile in Florida. Judgment debtor Fields cross-moyes to vacate the subpoena on the ground that the court lacks jurisdiction over his person. By separate cross motion judgment debtor Fields *1003 seeks to vacate a restraining notice served by the judgment creditor upon the Equitable Life Assurance Society of the United States, as garnishee.
Judgment creditor argues that the service of the subpoena without the State on judgment debtor Fields (hereinafter referred to as judgment debtor) is valid, and that the court has, by such service, acquired jurisdiction over the person of judgment debtor to require judgment debtor to comply with the subpoena.
Judgment creditor contends, and judgment debtor concedes, that this action was validly commenced, and that jurisdiction over the person of judgment debtor was validly acquired in this action, by service of the summons upon the defendant, who is now a judgment debtor, without the State, pursuant to the authority of CPLR 302 (subd. [a]) and 313. Judgment creditor argues therefore, that pursuant to the provision of CPLR 2303, that a subpoena shall be served in the same manner as a summons, the service of the subpoena in proceedings in enforcement of the judgment, without the State, in the same manner as the service of the summons commencing the action, is proper.
Judgment creditor’s contention cannot be upheld.
Section 2-b of the Judiciary Law empowers this court, as a court of record, to issue a subpoena requiring the attendance of a person found in the State. No specific authority is found in this statute or in any other provision of law authorizing service of a subpoena without the State.
CPLR 2303, providing that a subpoena shall be served in the same manner as a summons, does not authorize the service without the State of a subpoena issuing from a court of this State, even though under our ‘ ‘ long-arm ’ ’ statute, a summons may be served without the State.
Section 2-b of the Judiciary Law is derived verbatim from section 63 of the former Civil Practice Act. This section was enacted by section 199 of chapter 310 of the Laws of 1962, to become effective on September 1,1963, the same date upon which the CPLR replaced the Civil Practice Act (CPLR 10005).
The conversion of section 63 of the Civil Practice Act into section 2-b of the Judiciary Law simultaneously with the replacement of the Civil Practice Act by the CPLR is not an indication that the Legislature intended to confirm upon our courts jurisdiction over persons by service of subpoena without the State.
True, as is pointed out by judgment creditor, the CPLR, in 302 (subd. [a]) greatly expanded the jurisdiction of our courts over nonresidents, and, in CPLR 313, provided for the exercise of such jurisdiction, by authorizing the commencement of an *1004 action by service of summons, without the State upon those persons who are subject to the jurisdiction of our courts. True, also, that CPLR 2303 provides that a subpoena shall be served in the same manner as a summons.
However, the Legislature by these afore-mentioned simultaneous enactments did not intend to confer upon our courts ‘1 long-arm ’ ’ jurisdiction in the subpoena power. Had the Legislature chosen to do so, it would have done so by a clear enactment (Beach v. Lost Mountain Manor, 53 Misc 2d 563).
The foregoing is not varied by the .circumstance that the person whose appearance is sought by the subpoena which is the subject of this motion and cross motion is not a nonparty witness, but is a defendant in this action who was served with summons pursuant to our long-arm statute, and who has now become a judgment debtor.
CPLR 5224 provides that the method of compelling attendance by a judgment debtor, for the purpose of eliciting information relevant to enforcement of a money judgment, is by subpoena. Ho authority is found providing for a method of service of subpoena, in proceedings in enforcement of a judgment upon a judgment debtor who is a party to the action, at variance with the method for service of any other subpoena.
The service of the subpoena upon judgment debtor without the State is void. Therefore, the cross motion to quash the subpoena must be granted and the main motion to punish for contempt must be denied.
The property or debt owing to judgment debtor, which judgment creditor contends is held by garnishee the Equitable Life Assurance Society of the United States, is a policy of insurance on the life of the judgment debtor, owned by the judgment debtor, the beneficiary of which is the wife of the judgment debtor.
Section 166 (subd. 1) of the Insurance Law provides that a third-party beneficiary of a policy of life insurance shall be entitled to the ‘ ‘ proceeds and avails ’ ’ of the policy as against the creditors of the person effecting the insurance. The term ‘ ‘ proceeds and avails ” is defined to include all benefits, except the dividends of the policy where the debtor-insured has, subsquent to the issuance of the policy, elected to receive the dividends in cash.
Under the terms of the policy in issue, judgment debtor may elect to receive the dividends in cash. However, he has made no present election to do so.
CPLR 5222 (subd. [b]) provides that a restraining notice served upon a person other than the judgment debtor is effective only if at the time of service, the person served owes a debt *1005 to the judgment debtor or is in the possession or custody of property in which he knows or has reason to believe the judgment debtor has an interest, or if the judgment creditor specifies such a debt on property.
The garnishee presently is not indebted to the judgment debtor nor is the garnishee presently in possession or custody of property in which the judgment debtor has a nonexempt interest. Furthermore any statement in the restraining notice to the contrary is incorrect. Accordingly, the cross motion to vacate the restraining notice must be granted.
The main motion is denied. The cross motions are granted. This determination is without prejudice to service by judgment creditor of any restraining notice upon garnishee the Equitable Life Assurance Society of the United States as may be justified by future circumstances. A copy of the order to be entered hereupon shall be served upon the garnishee.