PIERRE S. DUPONT, Respondent, *v.* SAMUEL BRONSTON, Appellant.

First Department, December 30, 1974.

*Julius November* (*Irving Levine* with him on the brief), attorney for appellant.

*Herbert Plaut* for respondent.

McGIVERN, P. J.   Judgment debtor, a nonresident, invokes the ancient privilege of immunity from service of process as ground for an order quashing a CPLR 5224 (subd. [a], par. 1) subpoena *ad testificandum,* and thus doing, poses the central issue for determination.

The subpoena was served upon the judgment debtor on June 19, 1973, in the corridor adjacent to the second floor courtroom of the United States Tax Court, where he was in voluntary attendance as a suitor.   In personam jurisdiction was not challenged in the underlying action.   Judgment debtor interposed a counterclaim for 22 million dollars, and the litigation culminated in judgment, entered July 1, 1971, in an amount exceeding 3 million dollars.   On March 7, 1973, judgment creditor instituted an action on the judgment in the United States District Court, Northern District of Texas, and deposition of the judgment debtor upon oral examination, including the subject of his property interests, was commenced prior to service of the instant subpoena and continued thereafter pursuant to court order (see CPLR 5224, subd. [f]).

Initially, the court at Special Term referred the issue of judgment debtor's New York residency at the time of service of the subpoena to a Special Referee to hear and report.   Thereafter, the scope of the reference was broadend to encompass the issue of immunity.   The Referee's report recommended that judgment debtor be afforded the protection of the privilege of immunity upon the predicate findings of non-New York residence and presence in the State for the sole purpose of attendance as a suitor in the United States Tax Court.

Special Term denied the motion to confirm the Referee's report, granted the cross motion to disaffirm, and denied the motion to quash, reasoning that, notwithstanding judgment debtor's nonresidence at the time of service of the subpoena, the in personam jurisdiction acquired in the underlying action continues until the judgment is satisfied and such earlier acquired jurisdiction precludes application of the rule of immunity.

We conclude that under all the circumstances, the judgment debtor's motion to quash the subject subpoena should have been granted.

" It is an ancient rule in most States including New York that a suitor in attendance in a court outside the territorial jurisdiction of his residence is immune from service of civil process while attending court and for a reasonable time before and after, that is, going to court and returning to his home ". (*Thermoid Co.* v. *Fabel,* 4 N Y 2d 494, 499; *Chase Nat. Bank*

v. *Turner,* 269 N. Y. 397; *Netograph Mfg. Co.* v. *Scrugham,* 197 N. Y. 377, 380; *Parker* v. *Marco,* 136 N. Y. 585; *Person* v. *Grier,* 66 N. Y. 124, 125–127.)

A subpoena *ad testificandum* is process. (2A Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 2301.03; 7B McKinney's Cons. Laws of N. Y., CPLR 5224 Supplementary Practice Commentary [1971].) "The subpoena to appear, referred to in some jurisdictions as a summons, is consistently defined in all jurisdictions having a statutory definition as a process in the name of the body or person authorized to issue it requiring attendance at the time and place it specifies." (First Preliminary Report of Advisory Committee on Practice and Procedure, 1957, p. 357.) Service of a subpoena, including one issued pursuant to CPLR 5224 (subd. [a], par. 1) must be effected "in the same manner as a summons." (CPLR 2303.) As the Notes of the Advisory Committee on Practice and Procedure further inform us, CPLR 2303 is predicated upon the recognition that "the function of the subpoena in obtaining jurisdiction over and giving notice to the person served is identical with that of the summons." (First Preliminary Report of Advisory Committee on Practice and Procedure, 1957, p. 163.) CPLR 5224 (subd. [a], par. 1) read in conjunction with CPLR 5223, prescribes service of a subpoena *ad testificandum* to compel attendance of the judgment debtor for deposition regarding matters relevant to satisfaction of the judgment. (Cf. CPLR 3106, subd. [b].)

In our view, there appears no authorization for service of a subpoena *ad testificandum* outside the State. (See Judiciary Law, § 2-b; *Siemens & Halske GmbH.* v. *Gres,* 37 A D 2d 768, citing with approval, *Israel Discount Bank* v. *P. S. Prods.,* 65 Misc 2d 1002; 2A Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 2303.06.) But for the judgment debtor's presence in this State, then, he would not have been amenable to service of the instant CPLR 5224 (subd. [a], par. 1), subpoena *ad testificandum* (*ibid.*). This factor, under the circumstances set forth above, is of no mean significance to the judgment debtor's application.

Judicial development of the doctrine of immunity from service of process reflects a tendency "not to restrict but to enlarge the right of privilege so as to afford *full protection* to parties and witnesses from *all forms of civil process*". (*Chase Nat. Bank* v. *Turner,* 269 N. Y. 397, 400, *supra*; emphasis furnished.) The privilege is more than the personal right of the individual suitor or witness; it "is also the privilege of the court." (*Parker* v. *Marco,* 136 N. Y. 585, 589, *supra*.) At stake is the

transcendent interest of the courts in fulfilling their obligation "to promote the due and efficient administration of justice." (*Ibid.*) We deem these interests paramount, and vindicate them by affording judgment debtor the protective aegis of the traditional rule of immunity under the circumstances.

And we note, as did the Court of Appeals in *Thermoid Co.* v. *Fabel* (4 N Y 2d 494, 500, *supra*) " comity suggests we should carefully avoid interference with a privilege of the Federal courts."

Accordingly, the order of the Supreme Court, New York County (WALTEMADE, J.), entered August 2, 1974, denying the motion to quash the subpoena issued in an article 52 proceeding, should be reversed on the law and on the facts, the Referee's report confirmed, and the motion to quash the subpoena granted, without costs and without disbursements.

STEUER, J. (dissenting). The majority opinion represents what was once the law but no longer is. While it is quite true that a nonresident visiting this State for the purpose of attending judicial proceedings here is immune from service of process during the time he is necessarily here (*Thermoid Co.* v. *Fabel*, 4 N Y 2d 494), "process" here means a summons or other paper which initiates an action or special proceeding. The theory is that the temporary presence of the prospective defendant in this State for such purpose does not give the court jurisdiction. The immunity does not extend to papers served in the course of an action where the court already has jurisdiction of the defendant. Up to the enactment of the CPLR, proceedings supplementary to judgment were special proceedings quite separate and apart from the action or proceeding in which judgment was obtained. CPLR article 52 provides for enforcement of money judgments. Professor Siegel's Practice Commentary (McKinney's Cons. Laws of N. Y., Book 7B, p. 20) points out that disclosure by examination of a judgment debtor's assets is a remedy that does not involve a new or special proceeding. Actually, the view that an examination to discover assets was a separate proceeding was a mistaken one (McKinney's, op. cit., p. 73). Be that as it may, the statutory designation no longer makes this procedural step a distinct special proceeding.

The cases cited in the majority opinion are inapposite. One is concerned with whether a subpoena may be served without the State pursuant to the "long-arm" statute (CPLR 304) and the court held it could not (*Israel Discount Bank* v. *P. S. Prods. Corp.*, 65 Misc 2d 1002). The other case is actually an authority supporting the view herein expressed (*Siemens & Halske GmbH.*

v. *Gres,* 37 A D 2d 768). Special Term had held valid a subpoena for examination in supplementary proceedings served in New Jersey on the ground that it initiated a new proceeding and hence was permissible under CPLR 304. This court reversed on the ground that it did not start a new special proceeding and hence was unauthorized under the statute.

The order should be affirmed.

NUNEZ and MURPHY, JJ., concur with McGIVERN, P. J.; STEUER, J., dissents in an opinion in which CAPOZZOLI, J., concurs.

Order, Supreme Court, New York County, entered on August 2, 1974, reversed, on the law and on the facts, without costs and without disbursements, the Referee's report confirmed and the motion to quash the subpoena granted.