573 P.2d 522

Herbert INGALLS et al., Petitioners,

v.

SUPERIOR COURT IN AND FOR the COUNTY OF PIMA, and the Honorable Norman Fenton, Judge of the Superior Court, Respondents,

and

The ESTES COMPANY, Singer Housing Company, Barbara Bell and John Doe Bell, and Delores Kosovitch and John Doe Kosovitch, and Eric O'Dowd, Esq., Real Parties in Interest.

No. 2 CA–CIV 2700.

Court of Appeals of Arizona, Division 2.

Nov. 4, 1977.

Rehearing Denied Dec. 8, 1977.

Review Denied Jan. 10, 1978.

Sharp, Sando, Alfred & Hardy by David T. Hardy, Tucson, for petitioners.

Miller, Pitt & Feldman, P. C. by Janice A. Wezelman and James R. Figliulo, Tucson, for real parties in interest The Estes Co., Singer Housing Co., Bell and Kosovitch.

Erik M. O'Dowd, Tucson, for real party in interest O'Dowd.

## OPINION

HATHAWAY, Judge.

Petitioners have brought this special action to challenge the trial court's granting of a protective order. Since such discovery matters are properly entertained in special actions, *City of Phoenix v. Peterson,* 11 Ariz.App. 136, 462 P.2d 829 (1969), and since we believe the respondent court abused its discretion in granting the order, we accept jurisdiction and grant relief.

On July 5, 1977, the petitioners filed a complaint alleging that the real parties in interest had committed fraud in the sale of realty to them. The primary claim focused upon statements that petitioners' lot was ½ acre in size, such statements alleged to have been made in late 1974 and in 1975. Subsequent to the filing of the complaint, petitioners discovered that an action had been filed in respondent court accusing the real party in interest Estes Company of false statements that certain lots were 1 acre in size, such case being filed in 1974 and being settled in March 1976. After failing in their attempt to confer with the attorney for the plaintiffs in the prior case, petitioners subpoenaed the attorney for deposition on August 16, 1977. The witness/attorney requested the respondent court to determine the propriety of a protective order in view of the fact that he was made a party to a contract in the settlement of the previous case which allegedly bound him not to give out any information regarding the litigation. The protective order sought by the witness/attorney was granted on September 1.

Rule 26(b), Arizona Rules of Civil Procedure, 16 A.R.S., is clear in its definition of the scope of discovery. It states:

"Unless otherwise limited by order of the court in accordance with these rules, the scope of discovery is as follows:

1. *In general.* Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, . . . including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for

objection that the information sought appears reasonably at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence."

The witness/attorney described the contract he had entered into at the settlement of the previous case as follows:

". . . I represented about sixty plaintiffs in a lawsuit against Singer Housing Company, which was a developer that had a division locally called the Estes Company, in connection with certain misrepresentations . . . The case was settled. And as a part of the settlement the attorneys for Singer and my firm made an agreement that I would return to them all documents pertaining to the prosecution of the case and that I would agree that the clerk release any and all documents that the clerk saw fit to release to the lawyers for Singer Housing, and made a letter agreement with Mr. David Leonard that I would cooperate in not causing any publicit—[sic] of the matter to occur . . . ..

I have a deal with Singer not to talk about it. And I have the obligation to respond to a subpoena."

The attorney/witness pinpointed the dilemma of his agreement versus the subpoena. However, no dilemma in actuality exists since "A subpoena is the medium for compelling the attendance of a witness, and it is a process in the name of the court or judge, carrying with it a command dignified by the sanction of the law." 81 Am. Jur.2d, Witnesses, § 9 (1976). The only basis which the witness/attorney would have for justifying a refusal to answer such a court-ordered appearance would necessarily also be a matter of statutory or case law. However, Rule 26(b) only relieves one of a duty to submit to discovery where privileged matters are involved. Here, the attorney/witness is not seeking to invoke a privilege since it is not communications between his client and himself which he wishes to protect, but rather seeks to invoke an agreement drawn between himself and one of the real parties in interest. The fact that an agreement between these parties has been held up to thwart a court-ordered production of material is abhorrent to our commitment to our rules of discovery. There is nothing illegal about the entry into such an agreement such as would make it void as suggested by petitioners, since, as between the parties involved, the agreement is valid and enforceable for its purpose of preventing adverse publicity which might stem from the settlement of the previous suit. However, such an agreement cannot prevail against the very broad language of Rule 26(b), which makes subject to discovery all material relevant to the subject matter which is not privileged.

We are not here confronted with the possible relevancy or lack of it regarding the sought-after information, relevancy not having been raised by the real parties in interest. It may well be that the relief which we grant would lead to irrelevant information improper for discovery. *Southern Pacific Transportation Company v. Veliz,* 117 Ariz. 199, 571 P.2d 696 (App., 1977).

Since we believe that the respondent court acted arbitrarily and abused its discretion in granting the protective order, we direct that it be vacated and that an appropriate order consistent with this opinion be entered.

Relief granted.

HOWARD, C. J., and RICHMOND, J., concurring.