588 P.2d 861

**Louis Henry McCOLLUM, a/k/a Phillip Rodriquez, Petitioner,**

v.

**SUPERIOR COURT of the State of Arizona IN AND FOR the COUNTY OF PIMA, the Honorable Richard Roylston, Judge of the Superior Court, and Richard Boykin, Pima County Sheriff, Respondents,**

**and**

**The STATE of Arizona, and Mitchell T. Blazak, Real Parties in Interest.**

No. 2 CA–CIV 3129.

Court of Appeals of Arizona,
Division 2.

Dec. 8, 1978.

Lansdale, Henry & Kneip by Gary S. Kneip, Tucson, for petitioner.

Stephen D. Neely, Pima County Atty. by Michael P. Callahan, Deputy County Atty., Tucson, for real party in interest The State of Arizona.

Thomas E. Higgins, Jr., Tucson, for real party in interest Mitchell T. Blazak.

## OPINION

HATHAWAY, Judge.

Petitioner, a prisoner in the lawful custody of the State of California, was delivered to the Pima County Jail under the authority of the Uniform Act to Secure the Attendance of Witnesses from Without a State in Criminal Proceedings (A.R.S.Secs. 13–4091– 4096), and is presently confined there. The purpose for which he was brought into this jurisdiction, namely to testify in Pima County Cause No. A–34456, no longer exists because the matter has been resolved. However, petitioner was not returned to California because of a subpoena issued in Pima County Cause No. A–25954, *State v. Blazak*, at the request of Blazak.

■ Petitioner sought his return to California by habeas corpus proceedings in the respondent court. Relief was denied and this ruling is challenged by special action. We are of the opinion that a writ of habeas corpus should have issued and since immediate appellate intervention is appropriate under the circumstances, we assume jurisdiction.

A.R.S.Sec. 13–4094(A) provides:

"If a person comes into this state in obedience to a summons directing him to attend and testify in this state he shall

not while in this state pursuant to such summons be subject to arrest of the service of process, civil or criminal, in connection with matters which arose before his entrance into this state under the summons."

Thus, if (1) a subpoena is "process" and (2) it was in connection with matters which arose before petitioner's entrance into this state under the summons, he was exempt from service of the subpoena. "Process" is the means whereby a court compels compliance with its demands. *Wright v. State*, 500 P.2d 582 (Okl.Cr.1972). A subpoena is the medium for compelling the attendance of a witness and is a process in the name of the court or a judge, carrying with it a command dignified by the sanction of the law. *Ingalls v. Superior Court in and for the County of Pima*, 117 Ariz. 448, 573 P.2d 522 (App.1977). The subpoena directed to petitioner was "process" as used in A.R.S. Sec. 13–4094(A), supra. *See, DuPont v. Bronston*, 46 A.D.2d 369, 362 N.Y.S.2d 471 (1974).[1]

■ Petitioner has been subpoenaed to testify in Blazak's behalf in post-conviction relief proceedings as a result of statements petitioner made while incarcerated in jail after he was brought into this state. The statements purportedly constitute an admission by petitioner of his role in the 1973 incident which resulted in Blazak's conviction of two counts of first degree murder, assault with intent to commit murder, and attempted armed robbery. The state therefore contends that even if a subpoena is "process", petitioner's testimony would concern matters which arose after petitioner's entrance into the state in connection with Cause No. A–34456. We do not agree. Concededly the statements were made after petitioner was brought into this state. Nevertheless, the statements pertain to matters which occurred on December 15, 1973, in the context of Blazak's criminal responsibility for the incident. Therefore,

---

1. Where the use of registered mail is authorized for service of process, a subpoena duces tecum has been held to be "process". *Hunt*

*Foods and Industries, Inc. v. F. T. C.*, 286 F.2d 803 (9th Cir. 1961).

petitioner was exempt from service of process under A.R.S.Sec. 13–4094(A).

The order denying a writ of habeas corpus is vacated. The filing of this opinion shall constitute a mandate to the respondent court to quash the subpoena and to issue a writ of habeas corpus directing petitioner's return to the custody of the State of California.

RICHMOND, C. J., and HOWARD, J., concurring.