OPINION OF THE COURT
Anthony J. Ferraro, J.
Plaintiffs make this motion to punish defendant for contempt for failing to obey a subpoena issued pursuant to CPLR 5224.
Defendant cross-moves for an order denying the motion upon the ground that the subpoena was not properly served and vacating the foreign judgment filed in New York upon the ground that it was nonfinal.
On September 4,1981 plaintiff, Louise Wagner, obtained a judgment in the Superior Court of New Jersey against the defendant for support arrears in the amount of $16,705. On March 24, 1982 plaintiff filed the aforesaid judgment with the Clerk of Westchester County pursuant to CPLR 5402.
*765 Plaintiffs thereafter served a subpoena duces tecum in supplementary proceedings upon the defendant pursuant to CPLR article 52. Service was effected on April 22, 1982 by leaving the subpoena at the defendant’s residence with his housekeeper and mailing a copy to his residence pursuant to CPLR 308 (subd 2). Proof of service was filed with the County Clerk of Westchester County on May 3, 1982. The original return date of the subpoena was May 4, 1982 but this date was finally adjourned to June 1, 1982. On May 20, 1982 defendant informed plaintiffs’ attorneys in writing that he would not appear on June 1,1982 because the subpoena had not been properly served. Defendant’s default was noted by the court when he failed to appear on June 1, 1982.
CPLR 2303 requires that a subpoena be served in the same manner as a summons. In the instant case service was effected pursuant to CPLR 308 (subd 2). When service is made pursuant to this section proof thereof must be filed within 20 days and such service is complete 10 days after such filing. Proof of service was duly filed herein on May 3, 1982 and service would have been complete on May 13, 1982. However the subpoena was returnable on May 4, 1982 before completion of the service.
Professor Siegel has observed that the waiting period works out readily enough for summonses but only has a confusing and possibly self-defeating impact when applied to subpoenas. (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C2303:2, p 207.) In Skrine v Staiman (56 Misc 2d 909), the court at Special Term concluded that the delayed completion of service should not be applied to service of a subpoena, which has its own notice requirements. This court does not agree with this conclusion. A summons also has a response requirement.
The language of CPLR 2303 is plain and unambiguous and requires no interpretation. It is the function of the court to enforce the statutes not to interpret them where no interpretation is indicated nor to conjecture about, or add or subtract from, words having a definite meaning. En-grafting an exception where none is expressed would constitute an infringement upon the legislative domain and a *766 usurpation of legislative power. (McKinney’s Cons Laws of NY, Book 1, Statutes, § 76, p 168.)
It may well be that the due process problems inherent in the service of a summons are not present in the service of a subpoena and that the 10-day extension is superfluous in the service of the latter but the court may not so hold in the face of statutory language to the contrary. (DuPont v Bronston, 46 AD2d 369; Matter of Temporary State Comm. on Living Costs & Economy v Bergman, 80 Misc 2d 448, 449; Israel Discount Bank v P. S. Prods. Corp., 65 Misc 2d 1002; Carl v Moyer, 63 Misc 2d 1052; Matter of Marko, 56 Misc 2d 138; Schrag, On Her Majesty’s Secret Service: Protecting the Consumer in New York City, 80 Yale LJ 1529, 1537, n 17.)
Moreover even if the court adopted plaintiffs’ theory and eliminated the delayed completion period the service would still be invalid. Since service was made by mail an additional three days must be added to the notice period of the subpoena. (CPLR 2103, subd [b], par 2; subd [c]; 5224, subd [c].) Service by mail was made on April 22,1982. The subpoena was returnable on May 4, 1982. Only 12 days’ notice was given instead of the required 13 days. (General Construction Law, § 20.)
In view of the invalid service of the subpoena the motion to punish for contempt must be denied.
There remains for consideration defendant’s cross motion to vacate the foreign judgment filed in New York upon the ground that the New Jersey judgment was subject to modification after entry and was therefore nonfinal.
Only a final and nonmodifiable judgment or order of a sister State is entitled to full faith and credit in New York. (Barber v Barber, 323 US 77; Sistare v Sistare, 218 US 1; Ehrenzweig v Ehrenzweig, 86 Misc 2d 656, affd 61 AD2d 1003; Smith v Smith, 249 App Div 660.)
Although the foreign judgment appears to be final an ultimate determination of its finality depends upon the statutory and common law of the State of New Jersey. This court is authorized to take judicial notice of the laws of New Jersey (CPLR 4511). However the defendant has failed to present to the court upon this application the applicable common and/or statutory law upon the subject.
*767 The common law of a sister State is usually an issue of fact which can be more appropriately resolved upon a hearing at which the law of such State can be documented.
In the interests of justice and in the exercise of its discretion the court will direct a hearing to determine the finality of the New Jersey judgment pursuant to the applicable New Jersey law.
Defendant shall file a note of issue accordingly upon notice to the plaintiffs and the calendar clerk, if so advised.