OPINION OF THE COURT
Paula J. Omansky, J.
Motion sequences 009 and 010 are combined for purposes of decision. Plaintiff seeks to punish Salkind for contempt based *233 on his refusal to appear for a deposition pursuant to a subpoena ad testificandum served pursuant to CPLR 5224 (a) (1). Defendant Mort Salkind seeks to quash the subpoena and vacate a restraining notice.
Plaintiff served the subpoena upon Salkind as he was about to leave the courtroom of Justice Elliott Wilk, of the Supreme Court, New York County, where Salkind was appearing in an unrelated action. In his affidavit, Salkind claims that he was present in New York solely for the purpose of appearing in court before Justice Wilk and therefore is immune from service of papers.
The law currently holds that a nonresident is immune from service of process while voluntarily in the State solely for the purposes of attending court and for a reasonable time before and after: that is, going to court and returning to his home (see, Thermoid Co. v Fabel, 4 NY2d 494 [1958]; DuPont v Bronston, 46 AD2d 369 [1st Dept 1974]). The Appellate Division stated in DuPont (46 AD2d, supra, at 371-372): "The [immunity] privilege is more than the personal right of the individual suitor or witness; it 'is also the privilege of the court’ * * * At stake is the transcendent interests of the courts in fulfilling their obligation 'to promote the due and efficient administration of justice’ * * * We deem these interests paramount [citations omitted].”
The Court of Appeals in Thermoid Co. v Fabel (supra) did not deal with the issue of a subpoena served as part of supplementary proceedings to enforce a money judgment rendered against the nonresident defendant in a New York action. The Appellate Division majority in DuPont (supra) applied Thermoid to that situation, however, rejecting the dissent’s position that such supplementary proceedings do not involve a new or special proceeding, separate and apart from the action in which the judgment was obtained, notwithstanding that the subpoena is served in the same way as a summons in a new action (see, CPLR 2303). Professor Siegel has said about the decision in DuPont (supra), which afforded immunity to a judgment debtor present in New York to participate in his own tax proceedings, "This is carrying the immunity to the point of a mockery” (see, Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C5224:2, at 222 [1978]).
Salkind, a New Jersey resident, was involved in a major construction project at Lincoln Center. According to plaintiff’s counsel, Salkind continues to do business in New York as a principal of a Bronx County company, an assertion not denied *234 by defendant. Jurisdiction over Salkind individually in the New York action was properly obtained and he was held personally liable for breach of his fiduciary obligations as a trustee under New York’s Lien Law for failing to pay his subcontractors.
The primary purpose underlying enactment of the Lien Law, which makes a property owner or general contractor a trustee for the benefit of unpaid subcontractors and materialmen, was to ensure that laborers and materialmen are paid (see, Caristo Constr. Corp. v Diners Fin. Corp., 21 NY2d 507, 512 [1968]; Matter of Allerton Constr. Corp. v Fairway Apts. Corp., 26 AD2d 636 [2d Dept 1966], lv denied 18 NY2d 581). It provides that funds received by a general contractor in the course of a construction project constitute assets of a trust, that a person in a trust position shall be held to a fiduciary standard of care and duty and shall be accountable for trust assets (see, In re Silba, 170 Bankr 195, 200 [ED NY 1994]). The failure to turn over trust funds within a specified period of time constitutes larceny (Lien Law § 79-a [1] [b]; In re Silba, 170 Bankr 195, 202, supra; People v Rosano, 69 AD2d 643, affd 50 NY2d 1013 [1980]; People v Decker, 224 AD2d 860 [3d Dept 1996], lv denied 88 NY2d 877). A debtor’s defalcation while acting in a fiduciary capacity makes the debt nondischargeable in bankruptcy (In re Silba, 170 Bankr 195, 202, supra).
The enactment of a statute imposing a fiduciary obligation on a general contractor and making it a crime to fail to pay subcontractors attests to the compelling public interest underlying New York’s Lien Law. Concern for the efficient administration of justice does not require this court to condone the commission of a crime. Therefore, the court declines to afford the privilege of immunity from service of process to a nonresident judgment debtor present in New York to attend court on an unrelated matter who was found personally liable in a New York action for stealing trust fund assets and served with a subpoena in connection with supplementary proceedings to enforce the judgment (cf., DuPont v Bronston, 46 AD2d 369 [1st Dept 1974], supra). Accordingly, the court denies the motion to quash the subpoena and the restraining notice.
Turning to the motion for contempt, Salkind’s counsel claims that Salkind was not personally served in New York since he was in Los Angeles on that day and encloses a copy of a printed luggage tag. The LAX luggage tag is dated March 15, 1997 and is not dispositive of Salkind’s whereabouts on March 17, 1997. The affidavit of service recites that the order to show cause for *235 contempt was personally served on Salkind on March 17, 1997. There is no affidavit from Salkind denying personal service sufficient to place in controversy the prima facie showing of service made in the affidavit of service submitted on the return date of the motion. Accordingly, the challenge to the service of the motion for contempt based on improper service is denied.
In view of the substantial issue raised as to the propriety of the service of the subpoena, the motion for contempt is granted only to the following extent: Salkind is directed to appear for deposition at the courthouse at 60 Centre Street on September 15, 1997, or on any other date agreed to by counsel.