OPINION OF THE COURT
Edward A. Sheridan, J.
In a negligence action for personal injuries and a third-party action in products liability for apportionment of damages, third-party defendants Hyundai Motor Company (Korea) and Hyundai Motor America (hereinafter collectively referred to as Hyundai) move to quash subpoenas to testify at the trial of this matter.
Plaintiff was injured when a bus operated by the defendant Hotaling and owned by defendant Adirondack Transit Lines, Inc. (Adirondack) passed a steady red light and struck plaintiff’s Hyundai automobile. Upon impact, plaintiff was ejected from the vehicle when the driver’s door was forced open and the interconnected seat belt system failed to restrain her.
The subpoenas at issue were served by third-party plaintiff Adirondack Transit Lines, Inc., upon Ik Hwan Kim and Ju Ha Lee, design engineers who are employed by Hyundai in Korea. The subpoenas were personally served when the engineers appeared in New York to testify at examinations before trial (EBT). Hyundai contends that Kim and Lee were immune from service of process because they were voluntarily in New York to assist in a judicial proceeding. Hyundai further contends that the subpoenas are invalid because they were made returnable on a Sunday.
Hyundai’s immunity argument is unpersuasive. All but one of the cases cited by Hyundai address immunity from service of a summons, not service of a subpoena to testify. The one cited case that held a nonresident immune from service of a subpoena to testify, DuPont v Bronston (46 AD2d 369), has been expressly overruled (see, AABCO Sheet Metal Co. v Lincoln Ctr. for Performing Arts, 249 AD2d 39). The holding of AABCO is eminently sensible when viewed in the context of the purpose of the doctrine, which is to avoid discouraging nonresidents from coming to the State to participate in judicial proceedings. The disincentive eliminated by the doctrine is, of course, the possibility that by coming to New York to participate in a lawsuit, the person would be served with process that would expose that person to new or additional liabilities (see, *517 Netograph Mfg. Co. v Scrugham, 197 NY 377, 380). The subpoena ad testificandum does not, in itself, subject a person to new or additional liabilities — it merely requires them to appear to testify. To the extent that such an appearance is an inconvenience to the witness, that must be balanced with this State’s well-established preference for live testimony of witnesses (see, People v Blades, 93 NY2d 166, 176-177).
Moreover, the privilege of immunity is not a privilege personal to the witness but a privilege belonging to the court. “Immunity was created to expedite the work of the court, not as a windfall for litigants [and] should be applied only to further the administration of justice” (United States Natl. Bank v Great Republic Life Ins. Co., 54 FRD 498, 499). Compelling the witnesses to attend upon the trial of the very cause in which they were previously examined furthers the ends of justice in this case and, in the court’s view, is entirely consistent with the historical genesis of the immunity rule and the public policy of this State. The court notes also that this is not a case of Federal-State comity (see, e.g., Thermoid Co. v Fabel, 4 NY2d 494, 500; DuPont v Bronston, supra, at 372), but rather a State court acting in furtherance of its transcendent interest in fulfilling its obligation “to promote the due and efficient administration of justice” (Parker v Marco, 136 NY 585, 589). Accordingly, this court is of the view that the doctrine of immunity from service of process is inapplicable to the service of subpoenas ad testificandum.
In this case, the witnesses claim immunity from service of the subpoenas only to avoid inconvenience. They have been subject to examination before trial in this matter, and third-party plaintiff Adirondack seeks to examine these witnesses before the jury. Not only is this desire in accordance with the preference for live testimony, third-party plaintiff has argued compellingly to this court that at the EBT Adirondack could not effectively question Kim and Lee on matters that were initially revealed at the EBT. After having had time to study and understand the testimony and documents from the EBT, Adirondack contends that it can only now conduct a knowing cross-examination of these key witnesses on the technical aspects of their EBT testimony. For all the foregoing reasons, the witnesses in this case are not immune from service of the subpoena ad testificandum.
Moreover, even if the doctrine of immunity from service does apply to subpoenas to testify, the instant subpoenas were served in relation to the same case for which Kim and Lee *518 were present in the State when they were served. The court is aware that the Appellate Division, Second Department, has held in Moreo v Regan (140 AD2d 313, 315) that the doctrine of immunity from service “applies tp any action sought to be commenced against the voluntary participant ‘whether or not related to the proceedings for which he is in the state.’ ” However, in the absence of authority from the Third Department, the court is persuaded by the rationale of Wehr v Memhard (106 AD2d 262, 263) wherein the First Department held that “immunity from service of process does not apply to a case where the issues arise out of the same state of facts as the action in connection with which the person served is in attendance.”
Hyundai further contends that the subpoenas are invalid because they were made returnable on a Sunday, April 23, 2000. Adirondack’s counsel has admitted, in a conference with the court and the other parties, that the return date was a clerical error. As Adirondack asserts, no substantial right of the parties or the witnesses is affected by this error, nor does Hyundai claim any. The subpoenas were not, as Hyundai contends, served on a Sunday, and Hyundai presents no authority suggesting that a subpoena containing a mere clerical error is invalid.
Accordingly, third-party defendant’s motion to quash the subpoenas is denied, without costs.