OPINION OF THE COURT
Barbara Jaffe, J.
On March 24, 2015, during the course of a bench trial held before me in a related action, Orly Genger v Sagi Genger (index No. 100697/2008), defendant Sagi Genger attempted to serve his close friend and attorney, nonparty David A. Parnés, with a “judicial trial subpoena” dated April 3, 2015, commanding him to appear on April 16, 2015 and attend the trial as a witness in that action. The subpoena was mailed to Parnés’ attorney in Israel. (Sup Ct, NY County, index No. 109749/2009, NY St Cts Electronic Filing [NYSCEF], document No. 911.)
Parnés had arrived in New York from his home in Israel and on April 16, 2015, as he was being deposed in that action, plaintiff’s trial counsel handed him a subpoena duces tecum and ad testificandum, seeking to depose him in the instant action and stating on the record that Parnés was subject to service because his presence in New York was “voluntary” Counsel for Sagi disagreed, contending that Parnés was there pursuant to Sagi’s trial subpoena. (NYSCEF document No. 909.)
Defendants moved pursuant to CPLR 2304 for an order quashing the subpoena, denying that Parnés appeared pursuant to the trial subpoena, and that as a nondomiciliary appearing voluntarily as a witness in the related action, Parnés is immune from service of the subpoena. By decision and order dated September 8, 2015, I denied defendants’ motion, citing Bartwitz v Hotaling (184 Misc 2d 515 [Sup Ct, Warren County 2000]). (NYSCEF document No. 996.) On September 14, 2015, *363 Parnés filed a notice of appeal of the September 8 decision. (NYSCEF document No. 998.)
Now, by order to show cause, Parnés moves pursuant to CPLR 5519 (c) for an order staying the enforcement of the subpoena, or in the alternative, pursuant to CPLR 2201 for an order staying discovery. On October 8, 2015, I signed the order to show cause and directed the parties to “address the issue of whether the immunity rule applies to service of a subpoena to testify as opposed to service of process.” Plaintiff opposes. (NYSCEF document No. 1015.)
I. Contentions
Parnés contends that Bartwitz was overruled “sub silentio” by the Appellate Division, Third Department in Matter of Niagara Mohawk Power Corp. v Town of Moreau Assessor, which held that a nonresident who voluntarily appears in the jurisdiction is immune from service of a subpoena. (8 AD3d 935 [3d Dept 2004].) He consequently maintains that I erred in distinguishing a summons commencing an action from a subpoena for purposes of determining immunity from service. (NYSCEF document No. 1024.)
In response, plaintiff relies on AABCO Sheet Metal Co. v Lincoln Ctr. for Performing Arts, in which the First Department upheld the denial of a motion to quash a subpoena served on a nonresident judgment debtor. (249 AD2d 39 [1st Dept 1998], Iv dismissed 92 NY2d 876 [1998].) She maintains that there, the First Department distinguished between the service of a summons and the service of a subpoena when determining immunity, and alleges that Parnés mischaracterizes the holding in Matter of Niagara, as the Third Department neither referenced Bartwitz nor addressed discovery subpoenas. (NYSCEF 1036.)
II. Discussion
It has long been held that one in attendance in court outside the jurisdiction of his residence “is immune from service of civil process while attending court.” (Thermoid Co. v Fabel, 4 NY2d 494, 499 [1958]; Person v Grier, 66 NY 124 [1876]; AQ Asset Mgt. LLC v Levine, 42 Misc 3d 971, 972 [Sup Ct, NY County 2014]; Merrill v George, 23 How Prac 331 [Sup Ct, Gen Term 1862].) The purpose of the rule “is to encourage voluntary attendance upon courts and to expedite the administration of justice.” (Thermoid Co., 4 NY2d at 499 [internal quotation marks omitted].)
*364 A. Civil Process
Civil process has been deemed to include the service of a subpoena. (See e.g. DuPont v Bronston, 46 AD2d 369, 371 [1st Dept 1974] [“A subpoena ad testificandum is process”], overruled on other grounds AABCO Sheet Metal Co. v Lincoln Ctr. for Performing Arts, 249 AD2d 39 [1st Dept 1998]; Matter of Majuri v Commission of Investigation of State of N.Y., 23 Mise 2d 353, 354 [Sup Ct, NY County 1960], affd 10 AD2d 611 [1st Dept 1960], Iv denied 7 NY2d 710 [1960].) Most case law addressing a nondomiciliary’s immunity from service does not distinguish service of a subpoena from service of a summons, regardless of the result. (See e.g. Matter of Niagara Mohawk Power Corp. v Town of Moreau Assessor, 8 AD3d 935; Matter of Robinson v Stichman, 18 AD2d 449 [1st Dept 1963]; Matter of Lawlor v Roberts, 59 Misc 2d 589 [Sup Ct, Bronx County 1969], revd on other grounds 33 AD2d 542 [1st Dept 1969] [policy of immunity applies to service of subpoena to appear before grand jury].) Moreover, in 1974, the First Department reiterated the observation of the Court of Appeals in Chase Natl. Bank v Turner (269 NY 397, 400 [1936]), that the case law reflected “a tendency ‘not to restrict but to enlarge the right of privilege so as to afford full protection to parties and witnesses from all forms of civil process.’ ” (DuPont, 46 AD2d at 371.)
AABCO is not to the contrary. There, a nondomiciliary judgment debtor, while in New York to testify in a case unrelated to the judgment against him, was served with a subpoena pursuant to CPLR 5224. (249 AD2d at 39.) Citing the dissent in DuPont (46 AD2d 369), the Court affirmed the motion court’s denial of the judgment debtor’s motion to quash the subpoena, distinguishing and overruling DuPont to the extent that it could “be read to hold that ... a CPLR 5224 subpoena may not be served on a judgment debtor while voluntarily attending court in an unrelated proceeding.” (249 AD2d at 39-40.) The AABCO Court thus did not distinguish between the service of a subpoena and the service of a summons.
By contrast, in Bartwitz, the court observed that because the historical purpose of granting immunity was to encourage nondomiciliaries to participate in judicial proceedings in New York without possibility of being exposed to “additional liabilities” (184 Misc 2d at 516-517, citing Netograph Mfg. Co. v Scrugham, 197 NY 377, 380 [1910] [“It is in furtherance of that policy and the due administration of justice that suitors and witnesses from abroad are privileged from liability to other criminal and *365 civil prosecution”]), compelling a nondomiciliary’s testimony by subpoena, does not advance this policy (id.; see also Fund.com, Inc. v Advisorshares Inv., LLC, 2014 NY Slip Op 33022[U], *2 [Sup Ct, NY County 2014] [immunity “applies to the service of summonses and complaints, not subpoenas”]). Although the Court in Netograph reiterated the policy for granting immunity, it did not state that a nonparty nondomiciliary cannot be immune from being served with a subpoena. However, while the result in Matter of Niagara Mohawk indicates that a nondomiciliary served with a subpoena is immune from such service (8 AD3d 935), the record on appeal reflects that the parties did not raise the issue raised here, and thus, it was not addressed by the Third Department. (See brief for petitioners-respondents, available at 2004 WL 5457436, *33-34.)
Consequently, the weight of authority favors Parnés on this issue, especially given the interest in enlarging the privilege “so as to afford full protection to parties and witnesses from all forms of civil process.” (Chase Natl. Bank, 269 NY at 400.) Given my finding here, I consider the other issues raised by the parties to the extent I did not in the September 8 decision.
B. Voluntary Appearance
The Court in Thermoid Co. also held that a nondomiciliary seeking immunity must demonstrate that his appearance in the jurisdiction is voluntary, rather than under “compulsion of law.” (4 NY2d at 499.) And in Moreo v Regan, the Second Department added that a nondomiciliary seeking immunity must also demonstrate that there are “no available means of acquiring jurisdiction over his [or her] person other than personal service in New York.” (140 AD2d 313, 315 [2d Dept 1988]; Brause 59 Co. v Bridgemarket Assoc., 216 AD2d 200, 201 [1st Dept 1995].)
As “[a] nonparty, nondomiciliary witness is clearly not subject to the subpoena power of the court,” the requirement that there be no other available means of acquiring jurisdiction over the nondomiciliary apparently applies only where the nondomiciliary is served here with a summons commencing an action, in which case, personal jurisdiction is required. (Zeeck v Melina Taxi Co., 177 AD2d 692, 694 [2d Dept 1991]; Cherfas v Wolf, 20 Misc 3d 1118[A], 2008 NY Slip Op 51397[U], *2 [Sup Ct, Kings County 2008] [“Service of process, no matter how flawlessly executed, cannot by itself vest a court with jurisdiction over a non-domiciliary of New York state”]; see Judiciary Law § 2-b; Siegel, NY Prac § 383 [5th ed 2015].) In any event, there is no *366 evidence that Parnés was validly served with the trial subpoena.
Consequently, this court cannot and need not obtain personal jurisdiction over Parnés, and resort to the Hague Convention, while enabling plaintiff to depose him, would not accomplish it. (See Société Nationale Industrielle Aérospatiale v United States Dist. Court for Southern Dist. of Iowa, 482 US 522, 536 [1987]; Bank of Tokyo-Mitsubishi, Ltd., N.Y. Branch v Kvaerner a.s., 175 Misc 2d 408, 410 [Sup Ct, NY County 1998] [purpose of Hague Convention methodology is to “facilitate discovery within foreign jurisdictions”].) For all of these reasons, Parnés’ appearance at the deposition was voluntary as a matter of law. That plaintiff’s counsel conceded it when serving him reflects nothing other than confusion about the legal standard. Parnés has also demonstrated that there are no available means of acquiring jurisdiction over him, notwithstanding a representation to the contrary made by Sagi’s attorney at the deposition, when he stated that Parnés was present pursuant to the trial subpoena.
For the same reason, CPLR 302 and 313 are inapposite. (See Patrick M. Connors, Practice Commentary, McKinney’s Cons Laws of NY, CPLR C3120:12 [long-arm provisions of CPLR 302 have no application to nonparty]; cf. Israel Discount Bank v P.S. Prods. Corp., 65 Misc 2d 1002, 1003-1004 [Sup Ct, NY County, Special Term, Part 1 1971] [long-arm jurisdiction no basis for court’s exercise of subpoena power].)
And, absent any authority for the proposition that testifying at a deposition is not the kind of proceeding contemplated by the rule of immunity, I need not address plaintiff’s contention in that regard. In any event, plaintiff’s argument has no merit.
For all of these reasons, Parnés has established that he is entitled to immunity from service of the subpoena.
III. Conclusion
Accordingly, it is hereby ordered, that pursuant to the court’s own motion the order and decision dated September 8, 2015 referenced herein (NYSCEF document No. 996), is hereby vacated and the April 16, 2015 subpoena duces tecum and ad testificandum is quashed; and it is further ordered, that nonparty David A. Parnés’ motion for an order staying the enforcement of the subpoena, or in the alternative, for an order staying discovery, is denied as moot.