■ Sol Dashew et al., Appellants-Respondents, v Daniel D. Cantor, Respondent-Appellant, et al., Defendants. — In an action for an accounting, (1) plaintiffs appeal from an order of the Supreme Court, Kings County (Jordan, J.), dated November 21, 1980, which granted defendant Cantor's motion to dismiss a second summons and complaint and denied plaintiffs' cross motion to strike the defense of lack of jurisdiction contained in the answer to the first complaint served; and (2) defendant Cantor appeals from (a) an order of the same court (Held, J.), dated December 23, 1980, which granted plaintiffs' motion to permit service of a summons and complaint upon defendant Cantor pursuant to CPLR 308 (subd 5) and (b) an order of the same court (Leone, J.), dated February 27, 1981 which denied his motion to dismiss that summons and complaint. Orders dated December 23, 1980 and February 27, 1981 affirmed. Appeal from order dated November 21, 1980 dismissed as academic in light of the disposition on the two later dated orders. Plaintiffs are awarded one bill of $50 costs and disbursements. This is an action for an accounting which plaintiffs attempted to commence by multiple services of a summons and complaint. The principal issue on this appeal is whether any of the attempts at service were effective. We conclude that personal jurisdiction was obtained over the defendant Cantor (defendant) upon the third service, made pursuant to court order, and the action was thereupon properly commenced. Plaintiffs initially attempted to serve a summons and complaint upon defendant Cantor. Cantor answered and interposed the defense of lack of jurisdiction. To obviate any jurisdictional defect, plaintiffs attempted to reserve copies of the summons and complaint, which bore the same index number as the first summons and complaint, and which were identical to them in every respect. Defendant moved to dismiss the action allegedly commenced by this second attempt at service on the grounds that (1) a prior action was pending for the same relief and (2) the court lacked in personam jurisdiction. Plaintiffs cross-moved to strike the defense of lack of jurisdiction asserted in defendant's original answer. The motion to dismiss was granted on the basis that a prior action was pending and the cross motion was denied (order dated Nov. 21, 1980). Plaintiffs then secured an order permitting substituted service pursuant to CPLR 308 (subd 5) (order dated Dec. 23, 1980), and served defendant in accordance therewith. Defendant Cantor appealed from that order and once again moved to dismiss the action on the ground of the pendency of a prior action. Denial of that motion (order dated Feb. 27, 1981) has also been appealed from by defendant. Defendant may not have it both ways. He may not assert that an action has not been properly commenced due to defective service and, at the same time, allege that the action is, nonetheless, a pending action when there is reservice to cure the jurisdictional defect complained of (see Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3211:16, C3211:41). Plaintiffs' successive efforts to serve defendant were directed to the proper commencement of only one action. Accordingly, it was error for Special Term to grant defendant's motion to dismiss the so-called "second action" on the ground that a prior action was pending for the same relief. Plaintiffs' reservice of the summons and complaint was intended to obviate defendant's jurisdictional objection. This was entirely proper and did not constitute commencement of a second action. Although the order dated November 21, 1980 was erroneously predicated upon the pendency of a prior action, the appeal from this order is dismissed as academic in view of the proceedings that

followed. As already noted, plaintiffs continued their efforts to commence the action and they attempted service for a third time. This service was pursuant to court order (see CPLR 308, subd 5). We conclude that Special Term properly exercised its discretion in granting leave to make special service based on the record before it, which established defendant's attempt to evade service. We also conclude that service of the summons and complaint was effectuated in accordance with that order and that personal jurisdiction over the defendant was secured thereby. Accordingly, defendant's motion to dismiss the action as thus commenced was properly denied. Hopkins, J. P., Damiani, Titone and Mangano, JJ., concur.