■ DONNA HEUSINGER, Appellant, v VINCENT P. RUSSO et al., Respondents. — In a medical malpractice action, plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Dutchess County (Jiudice, J.), entered September 10, 1982, as denied her motion for a default judgment against defendant Russo. Order affirmed insofar as appealed from, with costs. Defendant Russo's time to serve an answer to the complaint served on January 26, 1982 is extended until 20 days after service upon him of a copy of the order to be made hereon, with notice of entry. Plaintiff attempted to serve a summons and complaint on defendant Russo (hereinafter defendant) by substituted service on his wife at his address in Arizona on December 28, 1981. Defendant served an answer on January 25, 1982, which included an affirmative defense that the court lacked personal jurisdiction over him since he had been improperly served. To cure the apparently improper service, plaintiff re-served the same summons and complaint personally on defendant on January 26, 1982. Plaintiff claimed that she had thereby started a second action and demanded a new answer from defendant. Defendant refused to supply one, contending that his original answer was sufficient. After a lengthy dispute, plaintiff, by notice of motion dated June 24, 1982, moved for a default judgment against defendant. Special Term (Jiudice, J.), *inter alia,* denied plaintiff's motion, stating that plaintiff could not attempt to circumvent an affirmative defense contained in an answer by commencing a second action. We affirm the order of Special Term insofar as appealed from, but not for the same reason. It was entirely proper for plaintiff to obviate defendant's jurisdictional objection by re-serving the summons and complaint. Nevertheless, this did not constitute the commencement of a second action. "Plaintiffs' successive efforts to serve defendant were directed to the proper commencement of only one action" (*Dashew v Cantor,* 85 AD2d 619). However, it is our view that under circumstances such as these, a defendant is obligated to serve an answer to the complaint which accompanied the properly served summons. In this case, defendant's failure to serve an answer to that complaint was not attributable to law office failure. During the five months between the second service of the complaint and plaintiff's motion for leave to enter a default judgment, the parties' attorneys were negotiating the matter of whether a second answer was necessary. A failure to timely serve a pleading as a result of a legitimate disagreement between opposing counsel does not constitute law office failure (see *Donnelly v Pepicelli,* 58 NY2d 268). In light of the dispute regarding the necessity of serving an answer we have acted to extend defendant's time to do so (cf. CPLR 3012, subd [d]). O'Connor, J. P., Weinstein, Bracken and Boyers, JJ., concur.