■ SAL GIOVIA, Also Known as SAL RICHARDS, et al., Respondents, v HELEN WALD, Also Known as HELEN REDDY, et al., Appellants, et al., Defendant. — In an action, *inter alia,* to recover damages for an assault and battery, the appeal

is from an order of the Supreme Court, Kings County (Bernstein, J.), dated January 18, 1984, which denied the appellants' motion for summary judgment dismissing the complaint as time barred by the Statute of Limitations. ¶ Order reversed, on the law, without costs or disbursements, and matter remitted to the Supreme Court, Kings County, for an immediate trial on the issue of whether plaintiffs filed a Kings County summons with notice on November 20, 1981, in the office of the County Clerk of Kings County. ¶ In denying the appellants' motion to dismiss the instant Kings County action, *inter alia,* to recover damages for an assault and battery as time barred by the one-year Statute of Limitations (CPLR 215, subd 3), Special Term held that the appellants were estopped 'om denying that plaintiffs filed a Kings County summons with notice in the office of the County Clerk of Kings County on November 20, 1981, which filing tolled the applicable Statute of Limitations for 60 days pursuant to CPLR 203 (subd [b], par 5, cl [i]). Specifically, Special Term held that the appellants' prior motion pursuant to CPLR 3211 (subd [a], par 4) to dismiss a New York County action between the parties on the ground that there was another identical action pending in Kings County, served as the basis for the estoppel. We disagree with the holding of Special Term. True, it is well settled that "when a defendant electing to set up the Statute of Limitations has previously, by deception or any violation of duty toward plaintiff, caused him to subject his claim to the statutory bar, he must be charged with having wrongfully obtained an advantage which the court will not allow him to hold" (53 CJS, Limitations of Actions, § 25, pp 963-964; *Erbe v Lincoln Rochester Trust Co.,* 13 AD2d 211). However, appellants' motion in March, 1982, to dismiss the New York County action pursuant to CPLR 3211 (subd [a], par 4) was a completely appropriate motion (cf. *Dashew v Cantor,* 85 AD2d 619) and did not mislead or deceive the plaintiffs so as to unfairly cause their Kings County cause of action to be subject to the Statute of Limitations. Accordingly, a finding of estoppel against appellants was improper (cf. *Zupo v Allstate Ins. Co.,* 40 Misc 2d 134), and appellants may assert the defense of the Statute of Limitations. ¶ Nevertheless, an examination of the papers submitted in support and in opposition to appellants' motion to dismiss indicates that (1) an issue of fact exists on this record as to whether plaintiffs filed a Kings County summons with notice in the office of the County Clerk of Kings County on November 20, 1981 so as to toll the applicable Statute of Limitations for 60 days pursuant to CPLR 203 (subd [b], par 5, cl [i]) and (2) the expeditious disposition of appellants' motion to dismiss hinges on a resolution of this issue of fact. Accordingly, the matter is remitted to the Supreme Court, Kings County, for an immediate trial of this issue prior to disposition of the appellants' motion (CPLR 3212, subd [c]). Lazer, J. P., Mangano, O'Connor and Brown, JJ., concur.