OPINION OF THE COURT
Herbert A. Posner, J.
The defendant’s motion to dismiss based on lack of personal jurisdiction was set down for a traverse hearing by an order dated June 16, 1994. Defendant, 1111 Jamaica Ave. Queens Leasing Corp., is a New York corporation. Defendant, I. Chera & Sons Investments, is a New York partnership with an office at 59 Hook Road, Bayonne, New Jersey. Defendant, Stanley Chera, is an officer of the corporation and a partner of the partnership.
This action was commenced, in accordance with CPLR 306-a, by the filing of the summons and complaint with the County Clerk’s office on November 4, 1993 at which time the action was assigned index No. 23759/93. Proof of service had to be filed within 120 days thereafter or, as provided in CPLR 306-b (a), the action would be dismissed as to any nonappearing party with respect to whom no proof of service was filed. "The time limits imposed by § 306-b(a) * * * are jurisdictional in nature: automatic dismissal — albeit without prejudice — is the penalty for noncompliance. A 'nunc pro tune’ order after the expiration of 120 days from the date process was filed to commence the action would be of no avail.” (Alexander, Supp *1041 Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 308:7, 1995 Pocket Part, at 76.)
At the traverse hearing, the plaintiff relied on the certificate and affidavit of a Special Deputy Sheriff of Hudson County that was filed in the County Clerk’s office on November 29, 1993. This document indicates that service was effected on November 19, 1993 on the defendants, Stanley Chera and I. Chera & Sons Investments, at 59 Hook Road in Bayonne, New Jersey, by leaving a copy of the summons and complaint for each defendant with "Jane Brown”, Office Manager. The defendants concede that two copies of the summons and complaint were in fact delivered to Mary Gillian, the switchboard operator at the office of I. Chera & Sons in Bayonne, New Jersey. Such service would suffice to satisfy the first prong of substituted service pursuant to CPLR 308 (2) read in conjunction with CPLR 313, providing it was followed by mailing of the summons and complaint to the person to be served within 20 days thereafter.[1]
The court finds that a copy of the summons and complaint was mailed, as required by CPLR 308 (2), by plaintiff’s attorney to Stanley Chera at 59 Hook Road, Bayonne, New Jersey, on November 27, 1993. As in New York State Higher Educ. Servs. Corp. v Palmieri (167 AD2d 797), this mailing was apparently made with the intent of complying with the notice of default provisions of CPLR 3215 (g) (3). The motive for the mailing, however, need not be a relevant consideration if, as in this case, it is otherwise timely. (Alexander, Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 308:2, 1995 Pocket Part, at 78.) Proof of this mailing was filed on February 11, 1994, as an exhibit to plaintiff’s affirmation in opposition to defendants’ motion to dismiss. Although, this was done within 120 days of the original filing of the summons and complaint, the defendants have raised issues which cast doubt upon the validity of the November 1993 service. The affidavit of service of the New Jersey Deputy Sheriff while *1042 stating that service was made on the partnership, I. Chera & Sons Investments and upon Stanley Chera, also indicates that the office manager of a corporation was served, thereby creating doubt as to which of the three named defendants was intended to be served. Then, only one copy of the summons and complaint was mailed, directed to Stanley I. Chera.
In Raschel v Rish (69 NY2d 694, 696), the Court of Appeals observed that: "While the CPLR is silent as to the number of copies of a summons and complaint that must be served on a person conceivably acting in more than one representative capacity, the guiding principle must be one of notice 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.’ (Mullane v Central Hanover Trust Co., 339 US 306, 314; see also, Bossuk v Steinberg, 58 NY2d 916, 918-919.)” The process server in the Raschel case delivered one copy of the summons and complaint in an action against a hospital and doctor to the hospital administrator who was also conceivably qualified to accept service for the defendant doctor pursuant to CPLR 308 (2). Although a copy was thereafter mailed to the doctor, the complaint was dismissed as against the doctor because it was not demonstrated that the administrator knew that service was being made on the doctor as well as the hospital, or that he notified and furnished the doctor with copies of the documents. Similarly, in this case the plaintiff has failed to offer any evidence that the person to whom the copies of the summons and complaint were delivered by the Deputy Sheriff knew upon which of the defendants service was being effected. The summons and complaint, however, was directed to the defendant, Stanley I. Chera, and was subsequently mailed to him as required by CPLR 308 (2). Accordingly, the court finds that service was effected on the individual defendant Stanley I. Chera, but not on either the corporation or partnership. (See, McCormack v Gomez, 137 AD2d 504; Sutro Co. v Valenzuela, 113 AD2d 793.)
In any event, during the pendency of this motion and prior to the expiration of 120 days from the filing of the summons and complaint, service of process was effected on all three named defendants, 1111 Jamaica Ave. Queens Leasing Corp., I. Chera & Sons Investments and Stanley I. Chera. The corporation was served pursuant to Business Corporation Law § 306 by delivery of process to the office of the Secretary of State on February 16, 1994. The other two defendants were *1043 served by delivery of process, on February 25, 1994, to the receptionist at 59 Hook Road, Bayonne, New Jersey, followed by mailing thereof to each defendant, on the same date, in accordance with the requirements of CPLR 308 (2).[2] Proof of this service, in the form of copies of the affidavits of service, was filed with a supplemental affirmation of plaintiff’s attorney dated February 28, 1994 which was submitted to the court when this motion appeared on the calendar on March 1, 1994.[3] The defendants contend that this service was ineffective because it was accomplished during the pendency of a motion to dismiss for lack of personal jurisdiction. Not only do the defendants offer no authority to support this argument but it would be an anomaly to shield a party from the proper service of process while he seeks dismissal of the action based on allegations that service was defective. (See, Dashew v Cantor, 85 AD2d 619; Heusinger v Russo, 96 AD2d 883.)
 The defendants elected to seek dismissal within the 120-day period following the filing of the summons and complaint. This afforded the plaintiff an opportunity to remedy any defect in service and to comply with CPLR 306-b (a) before automatic dismissal of the action occurred. The fact that the proof of service was filed with the Part Clerk when the supplemental affirmation was submitted rather than with the County Clerk was a mere irregularity and not a jurisdictional defect. (See, County Law § 527; Fallarino v Board of Educ., 160 Misc 2d 682.) Ultimately, all affidavits submitted to the court on motions are filed in the County Clerk’s office. Therefore, this filing irregularity will be disregarded by the court (CPLR 2001), and since the filing of copies rather than originals is permitted by CPLR 2101 (e), the court finds that service was properly effected on the defendants, 1111 Jamaica Ave. Queens Leasing Corp., I. Chera & Sons Investments and Stanley Chera, in this action. .
*1044 Accordingly, the motion to dismiss based on lack of personal jurisdiction is denied. The defendants’ time to answer is extended until 20 days after service of a copy of this decision and order, with notice of entry.
The plaintiffs cross motion for a deposition of defendant Stanley Chera is granted to the extent that this defendant is directed to appear and submit to examination before trial at a time and place designated in a notice served by the plaintiff, following joinder of issue by said defendant.

. CPLR 308 (2) permits substituted service to be made upon an individual by leaving a copy of the summons with a person of suitable age and discretion at defendant’s place of business without any prior effort to make delivery to the named defendant. (Macchia v Russo, 67 NY2d 592, 594.) CPLR 313 authorizes service without the State upon New York domiciliaries. The defendants have not denied that 59 Hook Road, Bayonne, New Jersey, was the actual place of business of defendants, I. Chera & Sons Investments and Stanley Chera, nor that Stanley Chera is a New York domiciliary. Therefore, substituted service upon these defendants pursuant to CPLR 308 (2) was appropriate.

. This court is of the view that the 1991 expanded provisions for substituted service on a partnership in CPLR 330 were not intended to abrogate the use of CPLR 308 for service on partnerships, as opined by the writer of the Practice Commentaries. (See, Alexander, Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 310:1, 1995 Pocket Part, at 95.) CPLR 310 enlarges the methods of substituted service upon a partnership while insuring that notice is mailed to the "partner intended to be so served”, as distinguished from the partnership, irrespective of whether substituted service is made on a partner pursuant to CPLR 308 or on the partnership pursuant to CPLR 310.

. The process server who effected substituted service on the partnership and individual defendant on February 25, 1994 also appeared and testified at the traverse hearing.