OPINION OF THE COURT
Barbara R. Kapnick, J.
Plaintiff, Manuel Alvarez, commenced this action against *980 the defendants, Thrifty Rent-A-Car System, Inc., Vincent Rogers and Randy L. Thornton, seeking to recover damages for personal injuries allegedly sustained as a result of a motor vehicle accident which occurred on December 21, 1992.
Plaintiff commenced the action by purchasing an index number and filing a copy of the summons and complaint with the New York County Clerk on August 25, 1994. (See, CPLR 306-a.) Affidavits of service on each of the defendants were apparently filed with the County Clerk within 120 days after the date of filing of the summons and complaint — on August 29, 1994, September 12, 1994, December 8, 1994 and December 20, 1994 — as required by CPLR 306-b (a). On or about November 22, 1994, an answer was interposed on behalf of Welcome Corporation, transacting as Thrifty Rent-A-Car. The defendant Thornton served a pro se answer on or about January 12, 1995, and plaintiff has also received correspondence from a law firm in Harrisburg, Pennsylvania, on Mr. Thornton’s behalf. Defendant Rogers has never appeared in this action.
Plaintiff now moves for an order granting leave pursuant to CPLR 305 (c) and 3025 (b) to serve a supplemental summons and amended complaint in order to name the following parties as additional party defendants in this action: (a) Lauderhill Leasing; (b) "John Doe” No. 1, said name being fictitious, the party intended being the individual who was the proprietor of Lauderhill Leasing as of December 21, 1992; (c) "John Does” 2 through 5, inclusive, the parties intended being the individuals who were partners of Lauderhill Leasing as of December 21, 1992; (d) "John Doe Corporations” 1 and 2, the parties intended being the corporations which were partners of Lauderhill Leasing as of December 21, 1992; (e) Nucorp, Inc.; (f) Welcome Corporation; and (g) Samuel Thornton.
In addition, plaintiff moves for an order (1) pursuant to CPLR 2004 extending plaintiff’s time under CPLR 306-b (a) to file proof of service on the new parties, and (2) deeming the supplemental summons and amended complaint served upon Welcome Corporation upon service of a copy of this order with notice of entry upon Kroll & Tract, its attorneys of record,[1] and upon defendants Vincent Rogers and Randy L. Thornton *981 by service of a copy of this order with notice of entry by certified and regular mail.
The court notes that counsel for Welcome Corporation, transacting as Thrifty Rent-A-Car, previously agreed pursuant to stipulation dated December 2, 1994, to extend plaintiffs time to serve an amended complaint to January 6, 1995. However, since plaintiff is seeking the additional relief outlined above, plaintiff brought on this motion on or about January 5, 1995.
This court first turns its attention to that branch of plaintiffs motion seeking to extend his time to file proof of service on the new parties beyond the 120 days provided for in CPLR 306-b (a). Plaintiff seeks, in essence, to avoid the need to purchase an additional index number without risking automatic dismissal of the action against the additional parties under CPLR 306-b (a).[2]
CPLR 2004 provides, in relevant part, that "[e]xcept where otherwise expressly prescribed by law, the court may extend the time fixed by any statute, rule or order for doing any act, upon such terms as may be just and upon good cause shown, whether the application for extension is made before or after the expiration of the time fixed.” (See, e.g., A & J Concrete Corp. v Arker, 54 NY2d 870 [1981].)
A split between the courts of this State has developed as to whether or not CPLR 2004 permits the court to extend the 120-day time period set forth in CPLR 306-b (a).
In the case of Ressler Vineyards v Kuhns (NYLJ, Feb. 28, 1994, at 28, col 6 [Sup Ct, NY County]), Justice Cahn held that CPLR 2004 does permit the court to extend the 120-day time period.[3] He further found that "even if the motion were made after the action had been 'deemed’ dismissed under CPLR 306-b(a), and thus would mean that the application was not made *982 in a pending action, the court retains discretion to grant the motion after the action has been 'deemed’ dismissed.” (Supra.)
In contrast, Justice Underwood held in the case of Choice Card Prods. Citibank v Federico (NYLJ, June 16, 1993, at 30, col 4 [Sup Ct, Suffolk County]) that a court is without any discretion to grant an extension of time to file proof of service of the summons and complaint even if the motion is made prior to the time the action has been deemed dismissed under CPLR 306-b (a). The court reasoned that "[although CPLR 2004 allows the Court to extend the time constraints of various statutes, this section also admonishes that we may grant such relief, 'Except where otherwise expressly prescribed by law ...[’] The new statute specifically addresses the failure to effect service and delineates a penalty for same. The Court cannot subvert the clear language of CPLR 306-b (a) by resorting to CPLR 2004’s general provisions.”
Justice Underwood noted that the new statute repealed CPLR 306-a (c) which provided for the filing of a summons and complaint nunc pro tunc.[4] Thus, the court concluded that "[t]he mandatory language of 306-b, when viewed within the larger context of its companion statutes and the superseded 306-a(c), indicates that the legislative intent was for this law to be construed peremptorily.” (Choice Card Prods. Citibank v Federico, supra, at 30, col 4.)
However, this court finds a compromise approach, suggested by Professor Alexander in his Practice Commentaries and implemented by Justice Hughes of the Supreme Court, Albany County, in the case of Norstar Bank v Wittbrodt (154 Misc 2d 260 [Sup Ct, Albany County 1993]), to be persuasive.
Professor Alexander notes in his Practice Commentaries that the question of whether or not CPLR 2004 provides sufficient authority for a court, on motion, to extend the time limits of CPLR 306-b (a) "remains to be seen.” (Alexander, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C306-b:l, 1995 Pocket Part, at 68.) Nevertheless, he concludes that "[t]he diligent plaintiff who is experiencing hardship in effecting service of process within 120 days of commencement may present a compelling case for such an extension.” (Ibid.)
Professor Alexander cautions, however, that the use of CPLR 2004 in this context is subject to two apparent limita *983 tians. "First, the motion would have to be made prior to the expiration of subdivision (a)’s time limits. Otherwise, the action will have already been deemed dismissed, and no action within which to make the 2004 motion would be pending.[5] * * * Second, CPLR 2004 is subject to the constraint of CPLR 201 and therefore cannot be used if the court’s extension would in effect give longer life to the statute of limitations than that which is already authorized, i.e., a total of 240 days from commencement (120 days under subdivision [a] of § 306-b plus a second 120 days under subdivision [b]).”[6] (Ibid.)
Thus, the court in Norstar Bank v Wittbrodt (supra, at 261) held that there is no good reason not to grant a CPLR 2004 motion when it is "made prior to the expiration of the 120-day period, and granting the motion will not serve to extend the Statute of Limitations.” (See also, Beaver Universal Corp. v 1111 Jamaica Ave. Queens Leasing Corp., 163 Misc 2d 1039.)
In the case before this court, the motion was made after the 120-day period had expired. However, since plaintiff complied with the requirements of CPLR 306-b (a), the action has not been deemed dismissed. Since plaintiff makes the instant CPLR 2004 motion in the context of a viable action, and since the three-year Statute of Limitations has not expired, this court finds no reason not to grant this branch of plaintiff’s motion.
Plaintiff, however, has set forth no grounds for the granting of leave to serve any of the parties by alternative modes of service. That branch of plaintiff’s motion must, therefore, be denied.
Accordingly, plaintiff’s motion is granted to the extent of granting leave to plaintiff to serve the supplemental summons and amended complaint under the original index number, in the form annexed to the moving papers, and to file proof of service of the supplemental summons and amended complaint on each of the defendants with the County Clerk, within 120 days of entry of this order.
*984 The caption of this action shall be amended to read as follows:
SUPREME COURT OF THE STATE OF NEW YORK COUNTY OF NEW YORK
X
MANUEL ALVAREZ,
Plaintiff,
-against-
Index No. 124670/94
THRIFTY RENT-A-CAR SYSTEM, INC.,
LAUDERHILL LEASING, "JOHN DOE” No. 1, Said name being fictitious, the party intended being the individual who was the proprietor of lauderhill leasing as of December 21, 1992,
"john does” 2 through 5, inclusive, the parties intended being the individuals who were partners of lauderhill leasing as of December 21, 1992,
"john doe corporations” 1 and 2, the parties intended being the corporations which were partners of lauderhill leasing as of December 21, 1992,
NUCORP, INC., WELCOME CORPORATION, VINCENT ROGERS, RANDY THORNTON and SAMUEL THORNTON,
Defendants.
X
Plaintiff’s counsel is directed to serve a copy of this order with notice of entry on the Clerk of the Trial Support office, and upon the County Clerk’s office, who shall amend their records accordingly.

. In his reply affirmation, plaintiff modified this branch of his motion by consenting to the entry of an order requiring him to serve Welcome Corporation, but requesting that he be given an additional 120 days to file an affidavit of service with the County Clerk after service of a copy of this order with notice of entry.

. Section 306-b (a) provides, in relevant part, that "[p]roof of service of the summons and complaint * * * shall be filed with the clerk of the court within one hundred twenty days after the date of filing of the summons and complaint * * * If proof of service is not filed and there has been no appearance by the defendant within the time provided in this section for filing proof of service, the action or third-party action shall be deemed dismissed as to the nonappearing party with respect to whom no proof of service has been filed, without prejudice and without costs.”

. The court in Ressler Vineyards v Kuhns (supra, at 28, col 6) noted that CPLR 104 provides that "[t]he civil practice law and rules shall be liberally construed to secure the just, speedy and inexpensive determination of every civil judicial proceeding.”

. See generally, De Maria v Smith, 197 AD2d 114 (3d Dept 1994); Seavey v Korte, 159 Misc 2d 407 (Sup Ct, NY County 1993).

. Justice Wilk adopted this reasoning in the case of Matter of Green v Kaladjian (Sup Ct, NY County, June 10, 1994, 1994 WL 706337). Finding that the proceeding before him had already been automatically dismissed under CPLR 306-b (a), and that no timely remedial action under CPLR 306-b (b) had been taken, Justice Wilk noted (at 2) that “this proceeding is no longer extant — there is no longer a proceeding within which any motion may be made.”

. See generally, Lennox v Rhodes, 39 AD2d 801, 802 (3d Dept 1972), which held that "CPLR 2004 may not be invoked to extend the Statute of Limitations.”