OPINION OF THE COURT
Thomas P. Phelan, J.
Plaintiffs unopposed application for an order granting leave to expand the time to serve defendants Idalgo Benitez and Josepha Joya and to file affidavits of service nunc pro tune is denied.
*606 Plaintiff brings the action to recover for overlapping personal injuries allegedly received in two separate auto accidents on November 6, 1994 and January 24, 1995.
An index number, purchased on August 9, 1995, triggered the 120-day period in which to serve defendants and file the affidavits of service (CPLR 306-b [a]).
It is uncontroverted that plaintiff served defendants Attell and filed proof of service in timely fashion. Plaintiff, however, concededly did not make timely service on defendants Benitez and Joya.
CPLR 306-b (a) provides that where, as here, "proof of service is not filed and there has been no appearance by the defendant within the time provided in this section for filing proof of service, the action or third-party action shall be deemed dismissed as to the non-appearing party with respect to whom no proof of service has been filed, without prejudice and without costs” (emphasis added).
Accordingly, pursuant to CPLR 2004, plaintiff seeks an extension of time nunc pro tune to perfect her anticipated service.
CPLR 2004 provides that: "Except where otherwise expressly prescribed by law, the court may extend the time fixed by any statute, rule or order for doing any act, upon such terms as may be just and upon good cause shown, whether the application for extension is made before or after the expiration of the time fixed.”
The interfacing of these two statutes has resulted in significant disagreement among the trial courts as to whether or not they have any authority to extend the 120-day time period. As yet, no appellate authority exists on the issue and the two principal decisions addressing this issue are not officially reported.
In Ressler Vineyards v Kuhns (NYLJ, Feb. 28, 1994, at 28, col 6 [Sup Ct, NY County]), Justice Cahn found that a court retains discretionary authority to extend the 120-day period regardless of whether said period had expired and the underlying action had been " 'deemed’ dismissed”. In doing so, the court drew an analogy with the seemingly automatic dismissal provisions of CPLR 3404 dealing with abandoned cases and, citing Rodriguez v Middle Atl. Auto Leasing (122 AD2d 720, appeal dismissed 69 NY2d 874), noted the court’s ability to restore such a case. Moreover, Justice Cahn quoted the liberality with which the provisions of the CPLR are to be construed *607 so as to promote "the just, speedy and inexpensive determination of every civil judicial proceeding” (CPLR 104).
In opposition, Justice Underwood, in Choice Card Prods. Citibank v Federico (NYLJ, June 16, 1993, at 30, col 4 [Sup Ct, Suffolk County]) found that a court is without any authority to extend the 120-day time period regardless of whether the motion is made before or after the running of said time period. In so doing, Justice Underwood noted that authority to extend time periods flows from CPLR 2004 and focussed on restriction therein contained whereby extensions of time may be granted "[e]xcept where otherwise expressly prescribed by law”. The court reasoned that since the statutory precursors to CPLR 306-b allowed nunc pro tune filing whereas CPLR 306-b now provides for automatic dismissal, the interest of the Legislature in enacting CPLR 306-b was to "expressly prescribe” extensions of time as might otherwise be available through CPLR 2004.
Other courts have taken the approach suggested in the Practice Commentaries (Alexander, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C306-b:l, at 83) of allowing a plaintiff to extend the time period when the motion is made prior to expiration of the initial 120-day period and when the extension would not give longer life to the Statute of Limitations than that which is already authorized (see, Norstar Bank v Wittbrodt, 154 Misc 2d 260; Alvarez v Thrifty Rent-A-Car Sys., 165 Misc 2d 979).
While characterized in Alvarez v Thrifty Rent-A-Car (supra, at 982) as a "compromise approach”, this approach implicitly finds that the court has not been divested of authority as held to the contrary by Justice Underwood in Choice Card Prods. Citibank v Federico (supra) since absent authority, the court is powerless to adopt a compromise, however appealing it might be.
This court concurs in the holding of Choice Card Prods. Citibank v Federico (supra) and finds that CPLR 2004 may not be utilized to extend the 120-day period established by CPLR 306-b and respectfully disagrees with the analogy to CPLR 3404 drawn in Ressler Vineyards v Kuhns (supra).
CPLR 306-b was enacted as part of a series of legislation transforming New York State from one in which litigation commenced by service of process upon defendants to one in which litigation begins by the filing of papers. CPLR 306-b is thus part of the commencement mechanism for all litigation and, by necessity, if the action has been deemed dismissed for *608 lack of timely service, such dismissal has jurisdictional implications which simply do not exist in a CPLR 3404 dismissal.
Moreover, the legislative intent gleaned from the history surrounding the enactment of CPLR 306-b, given effect by the holding in Choice Card Prods. Citibank v Federico (supra), is more commanding than the general principle of interpretation relied upon in Ressler Vineyards v Kuhns (supra).
The broader and more recognized legislative intent underlying New York’s change to a commencement by filing State was to raise revenue (see, Alexander, 1992 Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C304:l, 1996 Pocket Part, at 55). Thus, insofar as the holdings in Norstar Bank v Wittbrodt (supra) and Alvarez v Thrifty Rent-A-Car Sys. (supra) allow plaintiff to avoid the filing fee associated with being required to purchase a new index number, they subvert the Legislature’s intent to raise revenue.
Professor Alexander aptly notes, "[i]t is discomforting that the interpretive process must take into account the sad financial condition of the judicial system” (1993 Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C306-b:l, 1996 Pocket Part, at 82). While such may be the case, the legislative intent to limit the court’s authority so as to maximize revenue gained seems clear.
This court accordingly denies plaintiff’s motion for an extension of time to file as against defendants Benitez and Joya, but is not without pragmaticism of its own and sees no point in forcing plaintiff to commence a new action against these defendants only to then have plaintiff make another motion for a consolidation of the two actions. If Professor Alexander is to be permitted to characterize the financial condition of the judicial system as "sad”, the undersigned opines that the relationship of workload to resources is downright melancholic.
Alternatively, and pursuant to plaintiff’s request for "such other, further and different relief as to this court may seem just and proper”, leave is granted to serve a supplemental summons and complaint on Benitez and Joya as "new parties” since they are no longer in the action as originally commenced. Inasmuch as service of a supplemental summons has the same economic impact on plaintiff given the requirement that plaintiff again pay the filing fee pursuant to CPLR 306-a (a) (1993 Supp Practice Commentaries, op. cit., at 81-82), the undersigned has not only helped assuage the judicial system’s fiscal gloominess, but has avoided the need for additional mo *609 tian practice, thereby raising my own spirits, and perhaps that of plaintiffs counsel as well.
Plaintiff shall file her supplemental summons and pay the additional filing fee with all deliberate speed.