OPINION OF THE COURT
David B. Saxe, J.
Prior to 1992, when a defendant challenged the propriety of service of process, it was a standard procedure to simply reserve the defendant to obviate the need for a court-ordered traverse hearing. These motions raise the question of whether the commencement-by-filing statute (CPLR 304), which *858 requires the proof of service of the summons to be filed within 120 days of the initial filing of the summons (CPLR 306-b [a]), in effect serves to eliminate the option of re-serving a defendant if more than 20 days have passed since the filing of the summons.
This action was commenced by the plaintiff’s filing of the summons and complaint on March 8, 1996, and serving defendant by means of substituted service on March 12, 1996; the affidavit of service was filed March 18, 1996. Defendant’s answer, served March 18, 1996, contained a jurisdictional defense. By notice of motion served December 20, 1996 (motion sequence No. 003) the defendant moved to dismiss based upon his defense of lack of personal jurisdiction.
A traverse hearing is appropriate in the context of that motion, given the defendant’s denials. However, on January 29, 1997, defendant was re-served with the summons and complaint. The plaintiff contends that this court should hold that Goldman was properly served, nunc pro tunc, by reason of the re-service made on January 29, 1997.
Taking the position that this recent re-service of the summons and complaint is too late, defendant has made another motion (sequence No. 004), seeking an order "striking” the January 1997 service of process, as not permitted under CPLR 306-b (a).
While there is no authority for an order "striking” service of process, this court must now consider the question of whether the CPLR provision requiring service and proof of service within 120 days of filing precludes re-service of process after the 120-day period has run, since a traverse hearing should not be held if the re-service makes it unnecessary.
There has been a long-standing practice of re-serving a defendant in order to cure alleged jurisdictional defects and avoid the need for traverse hearings (see, Heusinger v Russo, 96 AD2d 883; Dashew v Cantor, 85 AD2d 619). However, this procedure was created and employed when actions were commenced in this State simply by service of process without any time requirement for filing. Other than the Statute of Limitations, there was no need for service of process by a particular date.
Now that there is a deadline for the service of process in a commenced action (and the filing of proof of such service), the question arises whether the 120-day limit contained in the commencement-by-filing statute eliminated the plaintiff's right *859 to re-serve the defendant once that 120 days have passed, in order to obviate a claimed defect in service. I conclude that it must.
If a defendant moves to dismiss, challenging service of process, before the 120 days have finished running, the plaintiff is entitled to seek to cure the defect by re-serving the defendant (see, Beaver Universal Corp. v 1111 Jamaica Ave. Queens Leasing Corp., 163 Misc 2d 1039). However, "the time limits imposed by § 306-b(a) * * * are jurisdictional in nature: automatic dismissal — albeit without prejudice — is the penalty for noncompliance” (Alexander, 1992 Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C308:7, 1997 Pocket Part, at 112). Furthermore, I cannot accede to the plaintiffs suggestion that the court make a "nunc pro tunc” order as to the January 1997 service upon the defendant. Inasmuch as defective service would lead to automatic dismissal, "[a] 'nunc pro tunc’ order after the expiration of 120 days from the date process was filed * * * would be of no avail” (ibid.). Thus, once the 120 days have passed, the plaintiff may not cure an alleged defect in service by re-serving the defendant.
It must be recognized that if an action is dismissed for improper service of process, the plaintiff now has an additional 120 days to commence a new action (regardless of the Statute of Limitations). Therefore, even if a traverse hearing results in the defendant’s challenge to service being upheld, the plaintiff may simply begin anew the same action, under a new index number (CPLR 306-b [b]).
Accordingly, motion Nos. 003 and 004 are granted to the extent that a traverse hearing is ordered on the question of whether defendant was properly served in this action. The application to dismiss based upon the asserted lack of personal jurisdiction is held in abeyance while the issue of whether the defendant was properly served with process in this action is referred to the IAS Legal Support Office for assignment to a Special Referee to hear and report (with recommendations). Upon receipt of the report and a motion pursuant to CPLR 4403, final determination of the dismissal motion will be rendered. The parties are directed to proceed with discovery during this period.