■ In the Matter of Hazel Pregent, Respondent, v Charles J. Hynes, as Deputy Attorney-General of the State of New York, Appellant.—Appeal from an order of the Supreme Court at Special Term, entered December 1, 1978 in Albany County, which granted petitioner's application for an order quashing a subpoena issued by a Deputy Attorney-General pursuant to subdivision 8 of section 63 of the Executive Law. On May 1, 1978, petitioner Hazel Pregent, then Director of Nursing at the Franklin County (William Mansion) Nursing Home, Malone, New York, was suspended due to allegations of misconduct and, in June, 1978, an investigation was commenced by the Office of the Special Prosecutor, pursuant to subdivision 8 of section 63 of the Executive Law, into those allegations of misconduct. On June 27, 1978, petitioner, accompanied by counsel, appeared pursuant to a subpoena and responded to questions. At that time, she provided, upon request, a number of handwriting exemplars. On September 19, 1978, a subpoena was served upon petitioner commanding her to appear before appellant at his office in Albany as a witness in an inquiry into nursing homes, health

facilities, and related entities located in the State of New York, being conducted by him pursuant to subdivision 8 of section 63 of the Executive Law. This subpoena did not provide for the production of any documents, records or other things. On petitioner's motion to quash the subpoena, she alleges in her moving affidavit that she had previously given testimony under oath, together with several handwriting specimens, that the Attorney-General and his investigators had full and sufficient opportunity to examine the specimens provided, and that she had been advised that the purpose of the subpoena dated September 19, 1978 was to obtain additional handwriting specimens from her. It was further asserted that the service of this subpoena is unduly burdensome and onerous and that, while these proceedings are designated at this time as "civil" in nature, the facts and circumstances lead her to the inescapable conclusion that she is the target of official criminal proceedings in the future. The affidavit on behalf of the Attorney-General asserts that as "the investigation continued, questions arose as to the authorship, alteration and/or modification of a rather large number of patient medical files regarding both current and former patients at the Franklin County Nursing Home. These files consist, in large part, of entries concerning patient condition, progress and treatment, and said entries were made in technical terms, phrases and abbreviations normally used by medical personnel, and said files further contained names (both generic and/or brand) and descriptions of drugs and medications allegedly prescribed and administered." It is further asserted that the examiner of questioned documents retained by the Office of the Special Prosecutor has requested samples of handwriting for the purpose of comparison with those entries which are of questionable authorship or apparent alteration and/or modification, and these additional handwriting exemplars must necessarily be in identical or closely similar medically technical terms, phrases and abbreviations, and that these are necessary to bring the investigation to a conclusion. In granting the motion to quash the subpoena, Special Term acknowledged that handwriting specimens, like fingerprints, are identifying characteristics, and do not violate the Fourth, Fifth or Fourteenth Amendments of the Constitution of the United States, but determined that, in the particular circumstances existing in this proceeding, the Special Prosecutor was seeking content of what is written as distinguished from an identifying physical characteristic, and the request for a second specific writing is, in the opinion of the court, *de facto* violative of due process, and is tantamount to a compulsion to provide prejudicial, self incriminating evidence. Appellant contends that there is no testimonial compulsion involved in requiring a witness to write specific words in a handwriting exemplar, and that a mere handwriting exemplar, in contrast to what is written, is an identifying characteristic outside the protection of the privilege against self incrimination under the Fifth Amendment. *Fisher v United States* (425 US 391) holds that the Fifth Amendment privilege is not violated when a person is compelled by court process to write words that are communicative because what is being compelled is the physical act of writing and not the communication of thoughts or ideas deemed to be sufficiently testimonial. In *United States v Doe* (405 F2d 436) it was held that compulsion of handwriting exemplars consisting of reproductions of the very instruments used in the commission of the crime did not violate the privileges against self incrimination inasmuch as the handwriting exemplars were sought as an identifying characteristic. In view of these cases, compelling the petitioner to write the words purportedly used in the entries, alterations and/or modifications of the medical files of patients at the Franklin County Nursing Home is not a

compulsion to utter statements of a testimonial nature, inasmuch as she was required to use her handwriting as an identifying physical characteristic and not to speak of her guilt. Petitioner contends (1) that the Special Prosecutor has no authority to compel her to submit handwriting samples and (2) that the Special Prosecutor has failed to demonstrate a factual basis for inquisitorial action as to petitioner. It appears, however, that subdivision 8 of section 63 of the Executive Law provides ample authority to the Attorney-General and the Special Prosecutor to require the submission of handwriting samples, and the affidavit on the motion seeking compliance with the subpoena shows a sufficient factual basis of impropriety to support the investigation and the relevancy of the requested handwriting exemplars (*Matter of Hynes v Moskowitz*, 44 NY2d 383, app dsmd 439 US 921). Petitioner's final contention that the order of Special Term is not appealable in that it is an interlocutory order in a criminal proceeding is without merit. Subdivision 8 of section 63 of the Executive Law specifically provides that subpoenas issued pursuant to that section are governed by the CPLR. Under CPLR 5701 (subd [a]), an appeal may be taken from an order quashing a subpoena (*Matter of Sigety v Hynes*, 38 NY2d 260, cert den *sub nom. Kent Nursing Home v Office of Special State Prosecutor for Health & Social Servs.*, 425 US 974). The order quashing the subpoena should, therefore, be reversed, and petitioner should be directed to comply with the subpoena. Order reversed, on the law and the facts, without costs, petitioner's application denied and the proceeding remitted to Special Term to fix the time and place for compliance with the subpoena. Sweeney, J. P., Kane, Staley, Jr., Mikoll and Herlihy, JJ., concur. [97 Misc 2d 14.]