■ UNIFLEX, INC., Respondent, v OLIVETTI CORPORATION OF AMERICA et al., Appellants. — Order, Supreme Court, New York County (Kirschenbaum, J.) entered March 12, 1981, which denied defendants' motion to dismiss the complaint and granted plaintiff's cross motion to dismiss the first and second affirmative defenses, unanimously modified, on the law, to the extent of denying the cross motion as to the first affirmative defense and reinstating that affirmative defense, and the order is otherwise affirmed, without costs. On July 29, 1974, Uniflex entered into a five-year lease of an Olivetti computer with National Equipment Rental, Ltd. This transaction had been preceded by extensive negotiations between Uniflex and Jerry Shure, allegedly Olivetti's authorized representative, in the course of which extensive representations as to the capabilities of the computer were given to Uniflex. Under the lease, National Equipment Rental, Ltd., disclaimed all warranties. However, National's purchase order with Olivetti specifically stated, "You [Olivetti] agree that you will make available to LESSEE [Uniflex] and will permit LESSEE to enforce against you your standard representations, warranties and service obligations in the same manner as if LESSEE were the purchaser of the EQUIPMENT." The computer never performed the functions desired by Uniflex, despite recurrent service visits over a two-year period. But it was not until September, 1978 that Uniflex brought this action for breach of contract, misrepresentation and/or breach of express warranty, and breach of implied warranty. Defendants moved to dismiss the complaint for failure to state a cause of action and for summary judgment on the basis of their first affirmative defense, the four-year Statute of Limitations of section 2-725 of the Uniform Commercial Code, and against the third cause of action on the basis of their second affirmative defense, exclusion of implied warranty under section 2-316 of the Uniform Commercial Code. Plaintiff cross-moved to dismiss those affirmative defenses. Special Term denied defendants' motion, finding the Uniform Commercial Code inapplicable as the transaction was "clearly a lease, not a contract for the sale of goods". It found the purchase order did not impose the obligations of the Uniform Commercial Code along with those rights Uniflex obtained by being considered "the purchaser" of the computer. The court's order granted plaintiff's cross motion and dismissed the two affirmative defenses. We agree with Special Term's refusal to dismiss any part of the complaint but find that the same time defendants' Statute of Limitations defense should stand as well. At the outset, we reject defendants' contention that the claims do not state a cause of action on the ground that plaintiff is not in privity with the defendants. Privity of contract is not an element of the second cause of action for misrepresentation. The express statements were made in defendants' active effort to induce Uniflex to lease an Olivetti

computer. The requisite privity of contract needed to support the first and third causes of action is provided from two sources. First, it is asserted that plaintiff and Olivetti had a separate agreement, apart from the lease with National, concerning the programming of the computer by its authorized representative, Shure. Second, the above-quoted portion of National's purchase order with Olivetti clearly intended to give Uniflex the rights of a purchaser in certain respects and thus, as a third-party beneficiary of the contract of purchase, Uniflex may pursue the balance of the complaint. Examining the cross motion for summary judgment, we find the record seriously deficient. Defendants ask us to apply the four-year Statute of Limitations of section 2-725 of the Uniform Commercial Code to this lease transaction on the basis of *Industralease Automated & Scientific Equip. Corp. v R. M. E. Enterprises* (58 AD2d 482) and *Hertz Commercial Leasing Corp. v Transportation Credit Clearing House* (59 Misc 2d 226). However, the leases in those cases were, in reality, sales. In this case, the lease contains no option to purchase, does not appear to provide for a renewal term at a minimal rent and provides for the physical return of the equipment at the end of the five-year initial term. Therefore, defendants have not conclusively demonstrated that this is not a true lease to which the six-year Statute of Limitations would apply (*Owens v Patent Scaffolding Co.,* 50 AD2d 866). On the other hand, Special Term erred in dismissing this first affirmative defense. The record indicates National purchased the computer for $12,420, while Uniflex was obligated to pay more than $20,500 rent over the five-year period. While this may be explained on the basis of the cost of programming the computer or on some other ground, it does tend to support defendants' position as to the applicability of section 2-725 of the Uniform Commercial Code and raise an issue of fact as to the nature of the lease. Therefore, the first affirmative defense should be reinstated. As to the second affirmative defense, it is contended that Olivetti disclaimed any implied warranties. The only basis for this claim we can discern is the above-quoted language of the National lease. However, nowhere in the record is there any parol evidence relevant to the meaning of the clause concerning Olivetti's standard "representations, warranties and service obligations" which might indicate incorporation of a disclaimer of implied warranties therein. The quoted clause of the National lease is most reasonably interpreted as only extending rights to lessee Uniflex and not imposing obligations or limiting those rights, which would be the effect of implying from this language an exclusion of warranty. Having failed to support its second affirmative defense with an evidentiary showing against plaintiff's cross motion to dismiss, we uphold Special Term's action in striking that defense. Concur — Kupferman, J. P., Birns, Sullivan, Markewich and Lupiano, JJ.