■ JOSEPH MOREO, Respondent, v JOHN REGAN, Defendant, and ROBERT McCORMICK, Appellant.

On July 8, 1984, the plaintiff allegedly suffered serious injuries in a boating accident on the Connecticut River in the State of New Hampshire. The plaintiff commenced the instant

lawsuit against the defendant Regan, the owner of the boat, in May of 1985. On April 14, 1986, the plaintiff attempted to serve the appellant, who had operated the boat at the time of the incident, by delivering the pleadings to an address in Larchmont, New York, where the appellant allegedly resided. The appellant's insurer allegedly forwarded copies of the pleadings to its attorney. An answer containing the affirmative defense of lack of in personam jurisdiction was thereafter interposed on the appellant's behalf.

On or about November 7, 1986, the appellant voluntarily appeared in the Supreme Court, Nassau County, in order to submit to an examination before trial. During the course of the deposition, the appellant disclosed that he had been residing in Chicago, Illinois, since August of 1985. The plaintiff then attempted to re-serve the appellant with the summons and complaint.

Following the deposition, the appellant moved to dismiss the second purported service pursuant to CPLR 3211 (a) (4), on the ground that another action was pending. The plaintiff, in turn, requested an immediate hearing on the jurisdictional issue. The Supreme Court, by order dated December 16, 1986, denied the appellant's motion and concluded that since plaintiff obviated the appellant's jurisdictional objection by properly re-serving the summons and complaint, the request for a hearing was thereby rendered academic.

We find that the Supreme Court properly denied the appellant's motion to dismiss pursuant to CPLR 3211 (a) (4). This provision authorizes the dismissal of an action on the ground of the pendency of another action involving the same parties and the same claims. However, it has been noted that a defendant "may not assert that an action has not been properly commenced due to defective service and, at the same time, allege that the action is, nonetheless, a pending action when there is reservice to cure the jurisdictional defect complained of" (see, Dashew v Cantor, 85 AD2d 619; see also, Heusinger v Russo, 96 AD2d 883). Accordingly, we conclude that the Supreme Court correctly found that the plaintiff's successive efforts to serve the appellant were directed to the proper commencement of a single action and that dismissal of the action allegedly commenced by the second purported service was not warranted under CPLR 3211 (a) (4).

However, we disagree with the Supreme Court to the extent that it determined that the reservice of the pleadings, at the deposition, effectively obviated the jurisdictional challenges

raised by the appellant. The record reveals that the appellant alleged at his deposition that he was a resident of Chicago, Illinois. He further indicated, and the plaintiff does not dispute, that he voluntarily appeared in New York to testify at his examination before trial. Based upon this information, a viable issue exists as to whether the appellant was immune from civil process during the deposition.

The doctrine of immunity from service protects nondomiciliaries of New York from civil process when they voluntarily appear in New York to participate in legal proceedings of any kind, whether as parties or as mere witnesses *(see, Thermoid Co. v Fabel,* 4 NY2d 494). The doctrine, moreover, applies to any action sought to be commenced against the voluntary participant "whether or not related to the proceedings for which he is in the state" *(see,* Siegel, NY Prac § 68, at 71). To invoke the protections afforded by the doctrine, the party claiming immunity must demonstrate that his presence in this State was solely for purposes of participating in the proceeding.

Based upon the present record, it would appear that the appellant might have been immune from process when he appeared for his deposition. However, in order to conclusively determine whether immunity attached, an evidentiary hearing is essential so that he may be put to his proof that he was, in fact, a nonresident, that his sole purpose in appearing in New York was to testify at the pretrial proceeding, and that there were no available means of acquiring jurisdiction over his person other than personal service in New York. We, therefore, remit the matter to the Supreme Court, Nassau County, so that such a hearing may be conducted. In the event the court, on remittal, ultimately determines that the appellant was indeed immune from civil process at the deposition, a hearing should then be conducted in order to determine the validity of the plaintiff's initial attempt to serve the appellant in New York. Kunzeman, J. P., Eiber, Spatt and Sullivan, JJ., concur.