■ BRAUSE 59 Co., Respondent, v BRIDGEMARKET ASSOCIATES et al., Appellants. [628 NYS2d 660] —Order, Supreme Court, New York County (Beverly Cohen, J.), entered March 10, 1994, which denied the defendants' motion to dismiss plaintiff's amended complaint for lack of personal jurisdiction, unanimously affirmed, with costs.

Defendant Harley Baldwin, a Colorado resident and partner in the defendant partnership, entered this jurisdiction solely for the purpose of participating in a traverse hearing held to determine the propriety of a previous attempt to serve him with process. Plaintiff served Baldwin with process in the courthouse prior to the commencement of the traverse hearing. Defendant contends that he was protected from service by the doctrine of immunity, which provides generally that a non-

resident witness or party who voluntarily appears in this State solely to attend legal proceedings is not amenable to service of process (*see generally*, *Thermoid Co. v Fabel*, 4 NY2d 494).

We have stated that the "purpose of the privilege of immunity is to encourage nonresidents to come within the jurisdiction of this State to attend judicial proceedings where if they had remained outside of the State they would not be subject to the jurisdiction of our courts" (*Chauvin v Dayon*, 14 AD2d 146, 148). Therefore, to avail himself of the doctrine of immunity as it currently is construed in this State a defendant must prove that (1) he or she is in fact a nonresident, (2) whose sole purpose in appearing in New York is to attend the judicial proceedings, and (3) there were no other means of acquiring jurisdiction over his or her person other than personal service in New York (*Moreo v Regan*, 140 AD2d 313, 315). Since it cannot be disputed that personal jurisdiction over defendant Baldwin could have been obtained by serving him outside of New York pursuant to CPLR 302 and 313, he cannot avail himself of the doctrine of immunity in this matter. Concur—Sullivan, J. P., Rubin, Ross and Nardelli, JJ.