■ Robert M. Weichert, Appellant, v Robert F. Kimber, Respondent. [645 NYS2d 674] —Order unanimously reversed on the law without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Defendant, a Canadian resident, came to New York on June 6, 1995 to confer with his attorney and prepare for trial in an action brought against him by plaintiff in Federal District Court. On June 14, 1995, the court dismissed that action for lack of subject matter jurisdiction. As defendant was leaving the courtroom, he was served with the summons in this action, which is based upon defendant's alleged breach of an employment contract with plaintiff. Defendant moved to dismiss the action on the ground that he is immune from service of process because he is a nonresident and his presence in New York was voluntary and solely to participate in a legal proceeding. In opposition, plaintiff contended that defendant is amenable to long-arm jurisdiction under CPLR 302. Supreme Court granted the request of defendant to convert his motion to dismiss to one for summary judgment pursuant to CPLR 3211 (c), and defendant submitted documentary evidence supporting his contention that he had no employment contract with plaintiff. Recognizing that the motion had been converted to one for summary judgment, plaintiff submitted an additional affidavit in opposition. The court granted defendant's motion for summary judgment on the grounds that the parties were not in privity and that plaintiff lacked standing.

We reject the contention of plaintiff that he was not given the required notice pursuant to CPLR 3211 (c) of the court's intention to treat defendant's motion to dismiss as a motion for summary judgment. The court is not required to give a party express notice of such intention where, as here, "both sides deliberately charted a summary judgment course" *(Herlihy v Metropolitan Museum of Art,* 214 AD2d 250, 255; *see, Four Seasons Hotels v Vinnik,* 127 AD2d 310, 320).

The court erred, however, in granting defendant's motion. As late as 1991, when defendant answered the complaint in the Federal action, defendant admitted that he had been employed by plaintiff, "acting either personally or as an officer of Suburban" and that defendant performed maintenance work on planes "owned by plaintiff." Defendant's admissions in the Federal action constitute informal judicial admissions in this action and are admissible in evidence against him *(see,* Prince, Richardson on Evidence § 8-219 [Farrell 11th ed]). Plaintiff raised a triable issue of fact by submitting defendant's answer in the Federal action.

The court, however, should have conducted a hearing on the issue whether defendant was immune from service of process. The doctrine of immunity from service protects nonresidents from civil process when they voluntarily appear in New York to participate in legal proceedings, either as parties or as witnesses *(Thermoid Co. v Fabel,* 4 NY2d 494, 498). A nonresident loses his immunity, however, if he is amenable to long-arm jurisdiction under CPLR 302 *(see,* Siegel, NY Prac § 68, at 86 [2d ed]). Therefore, to determine whether defendant is entitled to immunity, an evidentiary hearing is required on the issue whether defendant was employed by plaintiff and thus subject to long-arm jurisdiction under CPLR 302 *(see, Moreo v Regan,* 140 AD2d 313, 315). We therefore reverse and remit the matter to Supreme Court for that purpose. (Appeal from Order of Supreme Court, Onondaga County, Nicholson, J.—Summary Judgment.) Present—Pine, J. P., Fallon, Doerr, Davis and Boehm, JJ.