■ In the Matter of NIAGARA MOHAWK POWER CORPORATION et al., Respondents, v TOWN OF MOREAU ASSESSOR et al., Appellants, et al., Respondent. [779 NYS2d 608]—

Cardona, P.J. Appeal from an order of the Supreme Court (Williams, J.), entered October 31, 2003 in Saratoga County, which, inter alia, denied certain respondents' motions pursuant to CPLR 2304 to quash subpoenas issued by petitioners.

Petitioners commenced these consolidated RPTL article 7 tax certiorari proceedings to challenge the real property tax assessments of several parcels in the Town of Moreau, Saratoga County, used in the generation, transmission and distribution of gas and electricity, including three hydroelectric power generating facilities. Petitioners and respondents Town of Moreau Assessor, Town of Moreau Board of Assessment Review and the Town of Moreau (hereinafter collectively referred to as respondents) filed appraisals of the parcels as required by 22 NYCRR 202.59 (g). Respondents' appraisal was prepared by George Lagassa and incorporated an engineering analysis prepared by Richard Pikul. Respondents also retained appraiser Thomas Thompson to assist in the preparation of their arguments.

A trial on the consolidated proceedings was scheduled for October 2003. Prior to commencement of the trial, Lagassa, Pikul and Thompson were served with trial subpoenas and subpoenas duces tecum seeking, among other things, documents relating to the analyses of the subject properties, as well as documents relating to appraisals of other hydroelectric facilities conducted within the last five years. Respondents moved to quash these subpoenas. Petitioners subsequently moved for is-

suance of an additional trial subpoena and subpoena duces tecum on the New York State Canal Corporation, requesting documents concerning appraisals and other valuation analyses of hydroelectric facilities that were prepared by Thompson's appraisal firm during the previous five years. Petitioners further moved to subpoena the Town Clerk of the Town of Moreau, seeking, among other things, any appraisals of the three hydroelectric facilities at issue that were conducted within the previous three years. Respondents cross-moved to quash those subpoenas as well. Following oral argument, Supreme Court granted petitioners' motions for additional subpoenas and denied respondents' motion and cross motions to quash the various subpoenas. Respondents appeal.*

We begin with respondents' contention that Supreme Court did not have jurisdiction over Lagassa and Pikul, both of whom are nonresidents, because they were improperly served while in New York to testify as witnesses in an unrelated matter. Under the doctrine of immunity from service, nonresidents are protected "from civil process when they voluntarily appear in New York to participate in legal proceedings, either as parties or as witnesses" (*Weichert v Kimber*, 229 AD2d 998, 999 [1996]; *see Thermoid Co. v Fabel*, 4 NY2d 494, 499 [1958]). A person seeking to invoke this immunity must establish that "(1) he or she is in fact a nonresident, (2) whose sole purpose in appearing in New York is to attend the judicial proceedings, and (3) there were no other means of acquiring jurisdiction over his or her person other than personal service in New York" (*Brause 59 Co. v Bridgemarket Assoc.*, 216 AD2d 200, 201 [1995]; *see Moreo v Regan*, 140 AD2d 313, 315 [1988]). While the parties, and Supreme Court, focused their analyses on the last of these factors, namely, whether Lagassa and Pikul were otherwise amenable to service of these subpoenas, we do not reach that issue. Instead, we conclude that respondents failed to meet their burden of proof on the second factor. In our view, the affidavits of Lagassa and Pikul do not clearly establish that either expert entered New York for the sole purpose of attending a judicial proceeding or, in fact, that they actually appeared to provide testimony in a judicial proceeding. Because they have failed to establish that their only purpose for being in New York was to attend a judicial proceeding, we conclude that Lagassa and Pikul were not entitled to witness immunity and, thus, properly served with the instant subpoenas.

---

* Despite petitioners' contentions to the contrary, an order denying a motion to quash a subpoena is a final and appealable order (*see Matter of Boikess v Aspland*, 24 NY2d 136, 138-139 [1969]; *Matter of Pregent v Hynes*, 73 AD2d 722, 724 [1979], *affd* 49 NY2d 1018 [1980]).

Respondents also contend that the subpoenas are overbroad and an improper attempt to obtain discovery. We disagree. The purpose of a subpoena duces tecum is "to compel the production of specific documents that are relevant and material to facts at issue in a pending judicial proceeding" (*Matter of New York State Dept. of Labor v Robinson*, 87 AD2d 877, 878 [1982]). Because a subpoena duces tecum cannot be used "as part of a fishing expedition or to ascertain the existence of evidence" (*Bostic v State of New York*, 232 AD2d 837, 839 [1996], *lv denied* 89 NY2d 807 [1997]), there must be a good faith showing of "some factual predicate" suggesting that the documents that have been requested are reasonably likely to contain the information being sought (*People v Gissendanner*, 48 NY2d 543, 550 [1979]; *see Bostic v State of New York, supra* at 839; *Matter of Constantine v Leto*, 157 AD2d 376, 378 [1990], *affd* 77 NY2d 975 [1991]). In our view, petitioners have made a sufficient showing that the documents they seek are material and relevant to the factual issues in this tax certiorari proceeding. In particular, their request for production of prior appraisals of these and other hydroelectric power facilities is proper since these documents can be used to impeach Lagassa and Pikul on cross-examination (*see Matter of Carriage House Motor Inn v City of Watertown*, 136 AD2d 895, 896 [1988], *affd* 72 NY2d 990 [1988]; *Wettlaufer v State of New York*, 66 AD2d 991, 993 [1978]). Finally, while it is true that materials prepared for litigation by an appraiser who is not called as a witness are protected from disclosure as attorney work product (*see Xerox Corp. v Town of Webster*, 206 AD2d 935, 935 [1994]; *see also* CPLR 3101 [d]), here, petitioners established that Lagassa's appraisal relied upon and incorporated information contained in Thompson's prior appraisals of the subject hydroelectric power facilities. As such, these prior appraisals are relevant for the purpose of impeaching Lagassa on cross-examination and, thus, are subject to disclosure (*see CMRC Corp. v State of New York*, 270 AD2d 27, 27 [2000]).

Mercure, Carpinello and Kane, JJ., concur. Ordered that the order is affirmed, without costs.