■ BOKARA RUG CO., INC., et al., Appellants-Respondents, v VIKRAM KAPOOR et al., Respondents-Appellants. [941 NYS2d 81]—

Order, Supreme Court, New York County (Jeffrey K. Oing, J.), entered September 7, 2011, which, to the extent appealed from as limited by the briefs, granted defendants' motion to dismiss as to plaintiffs' first, fifth, and sixth causes of action, and denied defendants' motion to dismiss on the grounds of lack of personal jurisdiction and forum non conveniens, unanimously modified, on the law, to deny the motion as to the first, fifth and sixth causes of action to the extent they are based on transactions or representations that occurred within the applicable limitations periods, and otherwise affirmed, without costs.

The motion court improperly treated the motion to dismiss pursuant to CPLR 3211 as a motion for summary judgment dismissing the complaint without providing adequate notice to plaintiffs (*see Mihlovan v Grozavu*, 72 NY2d 506, 508 [1988]). Plaintiffs did not deliberately chart a summary judgment course, even though they submitted some evidence in opposition to de-

fendants' motion (*see Wiesen v New York Univ.*, 304 AD2d 459, 460 [2003]). Thus, the motion will be reviewed under the standard applicable on a motion to dismiss (*see Velez v Captain Luna's Mar.*, 74 AD3d 1191, 1191 [2010]).

The IAS court erred by dismissing the first, fifth, and sixth causes of actions (alleging fraud, negligent misrepresentation, and breach of contract, respectively) as time-barred. We agree with the motion court that to the extent that these claims are based on transactions or representations that occurred outside the applicable limitations periods, they are barred. However, in support of their motion to dismiss, defendants submitted an ambiguous affidavit and a sampling of invoices, and referred to documents submitted in another case. Defendants did not meet their initial burden of demonstrating that no sales of the type complained of by plaintiff were made by Kapoor Exports or related entities during the four-year limitations period applicable to the breach of contract claim (UCC 2-725; *see Benn v Benn*, 82 AD3d 548, 548 [2011]; *Uniflex, Inc. v Olivetti Corp. of Am.*, 86 AD2d 538, 539 [1982]), or that none of the alleged misrepresentations in connection with such sales occurred within the six-year limitations period applicable to the fraud and negligent misrepresentation claims (CPLR 203 [g]; 213 [1], [8]).

The IAS court properly denied so much of defendants' motion as sought dismissal on the ground of lack of personal jurisdiction over Vikram Kapoor. It is undisputed that there were other means of acquiring jurisdiction over his person other than personal service in New York. Thus, Kapoor cannot establish an essential element of the immunity defense to personal jurisdiction (*see Olbi USA v Agapov*, 294 AD2d 139 [2002]; *Brause 59 Co. v Bridgemarket Assoc.*, 216 AD2d 200, 201 [1995]).

Defendants failed to meet their burden to establish that New York is an inconvenient forum for this action (*see Islamic Republic of Iran v Pahlavi*, 62 NY2d 474, 478-479 [1984], *cert denied* 469 US 1108 [1985]; *Bank Hapoalim [Switzerland] Ltd. v Banca Intesa S.p.A.*, 26 AD3d 286, 287 [2006]). There is nothing in the record to suggest that the court did not properly consider the relevant factors (*see Pahlavi* at 479). Concur— Saxe, J.P., Sweeny, Catterson, Renwick and Manzanet-Daniels, JJ.