15-121-cv
Continental Industries Group, Inc. v. Altunkilic

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of March, two thousand sixteen.

PRESENT:   JOHN M. WALKER, JR.,
                     REENA RAGGI,
                     PETER W. HALL,
                               *Circuit Judges*.

------------------------------------------------------------------------
CONTINENTAL INDUSTRIES GROUP, INC.,
                               *Plaintiff-Appellant*,


                     v.                                                      No. 15-121-cv

MEHMET ALTUNKILIC,
                               *Defendant-Appellee*.
------------------------------------------------------------------------

APPEARING FOR APPELLANT:          MICHAEL T. CONWAY, LeClairRyan, New York, New York.

APPEARING FOR APPELLEE:           No appearance.

Appeal from a judgment of the United States District Court for the Southern District of New York (Analisa Torres, *Judge*).

1

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on December 19, 2014, is VACATED and REMANDED.

New York plaintiff Continental Industries Group, Inc. ("CIG"), appeals from the dismissal of this diversity action against Mehmet Altunkilic, a citizen and domiciliary of the Republic of Turkey, on the ground that Altunkilic was immune from service while in New York to testify in a state action brought by CIG against a former employee and two Turkish entities owned by Altunkilic. We review a dismissal for improper service under Fed. R. Civ. P. 12(b)(5) for abuse of discretion, see Dickerson v. Napolitano, 604 F.3d 732, 740 (2d Cir. 2010); see also McDonnell v. Am. Leduc Petroleums, Ltd., 456 F.2d 1170, 1180 (2d Cir. 1972) (addressing court's withholding of immunity), which is present only where the district court's decision (1) rests on an error of law or clearly erroneous factual finding, or (2) cannot be located within the range of permissible decisions, see Zervos v. Verizon N.Y., Inc., 252 F.3d 163, 169 (2d Cir. 2001). In conducting this review, we assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to vacate and remand.

A nondomiciliary witness is generally immune from service of civil process during the period required to attend court in another jurisdiction. See, e.g., Shapiro & Son Curtain Corp. v. Glass, 348 F.2d 460, 461 (2d Cir. 1965) (citing Lamb v. Schmitt, 285 U.S. 222, 228 (1932)). CIG argues that, before the district court afforded Altunkilic such

2

immunity, he had to show that he was not otherwise subject to personal jurisdiction under New York's "long-arm" statute.   N.Y. C.P.L.R. § 302(a).[1]   We agree.

New York law does not permit a nondomiciliary to claim immunity from personal service—even if he is in New York only to testify in legal proceedings—if he could be served outside the state.   See id. § 313 (permitting service outside New York where recipient is subject to personal jurisdiction under § 302); see also, e.g., Bokara Rug Co. v. Kapoor, 93 A.D.3d 583, 584, 941 N.Y.S.2d 81, 83 (1st Dep't 2012); Niagara Mohawk Power Corp. v. Town of Moreau Assessor, 8 A.D.3d 935, 936, 779 N.Y.S.2d 608, 609–10 (3d Dep't 2004); Weichert v. Kimber, 229 A.D.2d 998, 999, 645 N.Y.S.2d 674, 675 (4th Dep't 1996); Moreo v. Regan, 140 A.D.2d 313, 314, 527 N.Y.S.2d 547, 549 (2d Dep't 1988); cf. Shapiro & Son Curtain Corp. v. Glass, 348 F.2d at 462 (observing that defendant's activities "did not amount to conducting business and hence did not defeat the immunity").   As New York courts have explained, the purpose of personal service immunity is "to encourage nonresidents to come within the jurisdiction of [the] State to attend judicial proceedings where if they had remained outside of the State they would not be subject to the jurisdiction of [its] courts."   Brause 59 Co. v. Bridgemarket Assocs., 216 A.D.2d 200, 201, 628 N.Y.S.2d 660, 661 (1st Dep't 1995) (internal quotation marks

---

[1] In determining the validity of service prior to removal to federal court, we apply the law of the state under which service was made, which here is New York.   See Bergman v. De Sieyes, 170 F.2d 360, 361 (2d Cir. 1948) (L. Hand, C.J.) (immunity from service); see generally Gerena v. Korb, 617 F.3d 197, 202 (2d Cir. 2010); Federal Ins. Co. v. Tyco Int'l Ltd., 422 F. Supp. 2d 357, 383 (S.D.N.Y. 2006); 4A Charles Alan Wright et al., Federal Practice & Procedure: Civil § 1082, Westlaw (database updated Dec. 2015) (collecting cases); cf. 28 U.S.C. § 1448.

omitted)).  This rationale "disappears if a defendant is otherwise subject to the extra-territorial reach of § 302(a)."  Pavlo v. James, 437 F. Supp. 125, 127 (S.D.N.Y. 1977); see David D. Siegel, N.Y. Practice § 68, Westlaw (database updated Dec. 2015). The burden on these issues rests with the party claiming immunity, here, Altunkilic.  See Moreo v. Regan, 140 A.D.2d at 314, 527 N.Y.S.2d at 549; accord Brause 59 Co. v. Bridgemarket Assocs., 216 A.D.2d at 201, 628 N.Y.S.2d at 661.  Consequently, the district court was obliged to consider whether Altunkilic was subject to personal jurisdiction under N.Y. C.P.L.R. § 302(a), such that he would have been amenable to service without regard to physical presence in New York and, thus, not entitled to immunity.  We, therefore, vacate judgment and remand the case for the district court to conduct this analysis in the first instance.

CIG also contends that granting Altunkilic immunity was unwarranted because it allowed him to obstruct justice by providing "false cover to his co-conspirators" at the same time he implicated himself while shielded from process.  Appellant Br. 10; see Shapiro & Son Curtain Corp. v. Glass, 348 F.2d at 461 (stating that immunity can be refused where it would "'obstruct judicial administration in the very cause for the protection of which it is invoked'" (quoting Lamb v. Schmitt, 285 U.S. at 228)).  CIG did not make this argument in the district court and, thus, has forfeited it here.  See In re Nortel Networks Corp. Sec. Litig., 539 F.3d 129, 133 (2d Cir. 2008).  CIG argues on appeal that it intended to name Altunkilic as a defendant in the original state action by initiating a separate action against him and then seeking consolidation, but never did so

4

because Altunkilic quickly removed the action against him to federal court.   We leave it to the district court to consider this argument on remand if, in fact, Altunkilic can show that he is not subject to New York's long-arm jurisdiction.

Accordingly, the judgment of the district court is VACATED and REMANDED for further proceedings consistent with this order.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

5