Sandella v Hill (2018 NY Slip Op 08051)





Sandella v Hill


2018 NY Slip Op 08051


Decided on November 21, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
SANDRA L. SGROI
HECTOR D. LASALLE, JJ.


2016-01539
 (Index No. 7633/10)

[*1]Louis Sandella, respondent,
v
Stephen R. Hill, etc., appellant.


Warren R. Markowitz, Lake Ronkonkoma, NY, for appellant.
Anthony P. Gallo P.C., Commack, NY, for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Suffolk County (Joseph C. Pastoressa, J.), dated December 4, 2015. The order denied the defendant's motion pursuant to CPLR 5015(a) to vacate a judgment of the same court entered January 13, 2011, upon his default in answering or appearing in the action.
ORDERED that the order is affirmed, with costs.
In 2010, the plaintiff commenced this action, inter alia, to recover damages for breach of contract. According to an affidavit of service, the summons and complaint were served on the defendant by hand delivery at the First District Court in Mineola. The defendant neither appeared in the action nor answered the complaint. Upon granting the plaintiff's motion for leave to enter a default judgment, and after an inquest on the issue of damages, judgment was entered in favor of the plaintiff and against the defendant in the principal sum of $409,000.
The defendant thereafter moved pursuant to CPLR 5015(a) to vacate the judgment, asserting that he was not properly served with process. In support of the motion, the defendant submitted an affidavit averring that, on the date of service, he was a resident of Nevada and was in New York solely for the purpose of attending a court proceeding related to a criminal matter. According to the defendant, as he was waiting for his case to be called, an unknown person came into the courtroom, called out his name, and dropped some papers on the floor. The defendant indicated that he did not pick the papers up because his attorney told him that he could not be served in court. The Supreme Court, without a hearing, denied the defendant's motion to vacate the default judgment.
"If a defendant resists service of process, service may be effected pursuant to CPLR 308(1) by leaving a copy of the summons in the defendant's general vicinity, provided that the defendant is made aware that this is being done" (Hall v Wong, 119 AD3d 897, 897; see Bossuk v Steinberg, 58 NY2d 916, 918). Here, the defendant admitted that the summons and complaint were left in his general vicinity and that he was aware that this was being done. Thus, the plaintiff [*2]satisfied his burden of demonstrating that the defendant was properly served pursuant to CPLR 308(1) (see Hall v Wong, 119 AD3d at 897).
Further, contrary to the defendant's contention, he was not immune from such service. "The doctrine of immunity from service protects nondomiciliaries of New York from civil process when they voluntarily appear in New York to participate in legal proceedings of any kind" (Moreo v Regan, 140 AD2d 313, 315; see Thermoid Co. v Fabel, 4 NY2d 494). However, to be entitled to such immunity, a defendant must demonstrate that she or he "was, in fact, a nonresident, that [her or] his sole purpose in appearing in New York was to [participate in the relevant legal] proceeding, and that there were no available means of acquiring jurisdiction over [her or] his person other than personal service in New York" (Moreo v Regan, 140 AD2d at 315). Here, even assuming that the defendant's appearance in New York was voluntary (see Thermoid Co. v Fabel, 4 NY2d 494), he was not entitled to immunity because personal jurisdiction could have been obtained over him by serving him outside of New York pursuant to CPLR 302 and 313 (see Bokara Rug Co., Inc. v Kapoor, 93 AD3d 583, 584; Olbi USA v Agapov, 294 AD2d 139, 139; Brause 59 Co. v Bridgemarket Assoc., 216 AD2d 200, 201).
The defendant's remaining contentions are without merit.
AUSTIN, J.P., ROMAN, SGROI and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court