Starr Russia Invs. III B.V. v Deloitte Touche Tohumatsu Ltd. (2019 NY Slip Op 00961)





Starr Russia Invs. III B.V. v Deloitte Touche Tohumatsu Ltd.


2019 NY Slip Op 00961


Decided on February 7, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 7, 2019

Acosta, P.J., Gische, Kapnick, Gesmer, Singh, JJ.


652251/17 8335A 8335

[*1] Starr Russia Investments III B.V., Plaintiff-Respondent,
v
Deloitte Touche Tohumatsu Limited, et al., Defendants-Appellants.


Hughes Hubbard & Reed LLP, New York (William R. Maguire of counsel), for Deloitte Touche Tohmatsu Limited, appellant.
Kramer Levin Naftalis & Frankel LLP, New York (Michael J. Dell of counsel), for Deloitte LLP, Deloitte CIS Limited and Deloitte CIS Holdings Limited, appellants.
Sidley Austin LLP, Chicago, IL (David A. Gordon of the bar of the State of Illinois, admitted pro hac vice, of counsel), for ZAO Deloitte & Touche CIS, appellant.
Boies Schiller Flexner LLP, New York (Nicholas A. Gravante, Jr. of counsel), for respondent.



Orders, Supreme Court, New York County (Charles E. Ramos, J.), entered May 24, 2018 and July 2, 2018, which denied defendants' motions to dismiss the amended complaint, unanimously modified, on the law, to grant the motion as to the claims alleging fraudulent inducement of plaintiff's 2008 investment as against defendants Deloitte LLP, Deloitte CIS Limited, and Deloitte CIS Holdings Limited (collectively, the UK Deloitte defendants), to order jurisdictional discovery as to the UK Deloitte defendants with respect to the claim regarding conduct from 2010, to grant the motion as to the claims against Deloitte Touche Tohumatsu Limited premised on an agency theory, and otherwise affirmed, without costs.
Plaintiff has standing to pursue its claims based on allegations that it was fraudulently induced to invest in and maintain its investment in the Russian Investment Trade Bank (ITB), as these claims allege direct rather than derivative harm, i.e., injuries to plaintiff, rather than to ITB (see Accredited Aides Plus, Inc. v Program Risk Mgt., Inc., 147 AD3d 122, 135 [3d Dept 2017]; Anwar v Fairfield Greenwich Ltd., 728 F Supp 2d 372, 401 [SD NY 2010]).
Defendants failed to meet their heavy burden of establishing, for purposes of obtaining dismissal on forum non conveniens grounds, that New York is an inconvenient forum and that a substantial nexus between New York and this action is lacking (see Kuwaiti Eng'g Group v Consortium of Intl. Consultants, LLC, 50 AD3d 599, 600 [1st Dept 2008]; see also Bokara Rug Co., Inc. v Kapoor, 93 AD3d 583 [1st Dept 2012]).
The court has personal jurisdiction over defendant ZAO Deloitte & Touche CIS under CPLR 302(a)(2) with respect to all the claims. It does not have jurisdiction over the UK Deloitte defendants with respect to the alleged fraudulent inducement of plaintiff's 2008 investment, because the complaint does not adequately allege that these defendants dominated ZAO as its alter egos in connection with that claim (see GEM Advisors, Inc. v Corporacion Sidenor, S.A., 667 F Supp 2d 308, 319 [SD NY 2009]). However, plaintiff has made a sufficient showing that there are facts that might give rise to alter ego jurisdiction (see Avilon Automotive Group v Leontiev, __ AD3d __, 2019 NY Slip Op 00058 [1st Dept 2019]), and that its position is not frivolous (see Peterson v Spartan Indus., 33 NY2d 463 [1974]), such that jurisdictional discovery as to the UK Deloitte defendants with respect to the claim that plaintiff did not exercise its exit option after 2010 based on misrepresentations is warranted.
The court correctly declined to dismiss the claims asserted against defendant Deloitte Touche Tohumatsu Limited that are premised on allegations of its direct role in fraudulently inducing investment. However, the claims that are premised on an agency theory are dismissed (McBride v KPMG Intl., 135 AD3d 576 [1st Dept 2016]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 7, 2019
CLERK